■ In the Matter of DAVID HAZAN, INC., Formerly Known as DAVID FUR COUTURE, INC., et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.— Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales tax assessment imposed under Tax Law articles 28 and 29.

At issue in this case is whether New York's sales tax violates the Import-Export Clause or the Commerce Clause of

the US Constitution when it is imposed upon the sale to foreign nationals of goods which are packaged and delivered to employees of the ship or airline on which the customer holds a ticket, immediately prior to the customer's departure, for ultimate delivery to the customer, who thereafter opens the package on board the ship or airline outside the territorial limits of the United States. We answer this question in the negative and confirm the determination of respondent Tax Appeals Tribunal.

In *Matter of Continental Arms Corp. v State Tax Commn.* (130 AD2d 929, *revd on other grounds* 72 NY2d 976), we explained: "A State may impose a sales tax on transactions consummated within its borders * * *. Thus, one who accepts delivery in this State is not exempt from sales tax merely because he came from outside of the State borders and planned to return there with the goods * * *. However, the imposition of a State sales tax on goods delivered outside the State's borders is unconstitutional * * *. In accordance with those general principles, respondent State Tax Commission has previously determined that goods which are sold to a foreign visitor but which are delivered directly to his airplane as part of his luggage, so that he never has control of the goods until he reaches his foreign destination, are not taxable in this State * * *. Conversely, a transaction is taxable if the nonresident takes actual physical delivery at the airport, even if the delivery occurs at the furthest point allowed a passenger by security personnel and the customer proceeds to his out-of-State designation" *(supra, at 929-930).*

In *Continental Arms (supra),* the evidence showed that the seller's agent took the packaged goods to the airport where he met the foreign customer shortly before departure. The goods were placed in the customer's luggage, which was then taken to the airline counter where it was checked in and placed on the conveyor belt for transit to the airplane. Based upon this evidence, we held that "it is clear that the foreigner had control of the goods and that the actual delivery took place in this State. Accordingly, substantial evidence supports the Tax Commission's conclusion that 'actual physical possession of the merchandise was transferred * * * in New York' and therefore the sales were subject to this State's sales tax" *(supra, at 930).* In the case at bar, petitioners established that their customers did not open the packaged goods until after the airplane had left United States territorial limits, but they concededly failed to establish that actual delivery of the goods did not take place in this State. Since petitioners bore the

burden of establishing that the sales were not taxable (Tax Law § 1132 [c]), their failure to prove that actual delivery took place outside New York provides a rational basis for the Tax Appeals Tribunal's determination.

We also reject petitioners' contention that the issuance of a 1965 tax information bulletin estops the assessment of the sales tax herein. The bulletin was issued in response to the question, "If a citizen of a foreign country purchases a fur garment in New York State and has it shipped to him through the purser of a boat or plane, is the purchase subject to New York State sales tax?" The bulletin states, "Answer, no, the vendor should retain a receipt or other document from the purser to substantiate that delivery was made outside of New York." As previously noted, petitioners retained documentation to substantiate that the customers opened their packages outside of New York, but they failed to establish that actual delivery was also made outside of New York. Accordingly, petitioners failed to comply with the clear and unequivocal requirement of the bulletin.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey and Yesawich, Jr., JJ., concur.

Mikoll and Harvey, JJ., dissent and vote to annul in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent. The interpretation of Tax Law article 28 by the Tax Appeals Tribunal (hereinafter Tribunal) as imposing tax liability herein is unreasonable and should be annulled.

The Tribunal found that taxes were due because delivery of the furs was presumed to have taken place in New York. It concluded that proof submitted by petitioners was inadequate to substantiate delivery outside the territorial limits of New York. The affidavits of airline agents attested to seeing the items being unwrapped by the foreign purchaser aboard the airplane when it was beyond the territorial limits of the United States. The Tribunal found a fatal flaw in the proof offered in that the affidavits failed to allege *delivery* beyond United States' territorial limits. States are foreclosed from taxing items exported to foreign shores under the Import-Export Clause of the US Constitution. In *Washington Revenue Dept. v Stevedoring Assn.* (435 US 734, 752), the United States Supreme Court reiterated the governing rule for exports to be: "With respect to exports, the dispositive question was whether the goods had entered the 'export stream,' the final, continuous journey out of the country * * *. As soon as the journey began, tax immunity attached".

We disagree with the Tribunal that *Washington (supra)* or *Michelin Tire Corp. v Wages* (423 US 276), relied on by the Tribunal, have abrogated the concept of "export stream". We note, too, that neither case involved the imposition of a tax on goods in export. Thus, the rule remains in tact that taxes levied directly on goods that have reached the "export stream" are proscribed. The Tribunal is bound to follow the decisions of the United States Supreme Court on Federal questions.

Putting the "export stream" theory aside, the imposition of taxes herein is otherwise illegal. In *Matter of Harder's Express v State Tax Commn.* (70 AD2d 1010, *affd* 50 NY2d 1050), we noted with approval the Supreme Court's reasoning in *Ammex Warehouse Co. v Procaccino* (85 Misc 2d 327, *affd* 55 AD2d 535) wherein the court held that corporations engaged in selling cigarettes, liquor and other items for export to persons crossing the United States border in Canada were exempt from State tax even though delivery of the cigarettes occurred in the United States. This court found that the exportation process did not terminate and there was no completed sale in New York *(supra)*.

We conclude that there was no sale by petitioners for use within New York, nor was there a completed sale within New York. Petitioners are entitled to the protection of the Import-Export Clause. There is no legal basis for New York's imposition of a tax on goods delivered to an airline and opened by the foreign purchaser after the plane has left the United States. These goods were clearly committed to foreign destinations and did, in fact, arrive there as verified by the certificates of export submitted for each sale, accompanied by an envelope which reflected the mailing of such certificate by the customer from the foreign customer's listed country of residence or destination. These bore a foreign postage stamp or postage meter and postmark. The arrival of the goods at foreign destinations is clearly established.

The delivery of the packages to the airline for a departing passenger committed the goods for export. We conclude as well that the sale was finalized outside New York. The theoretical possibility of a passenger leaving the plane and putting the furs to use in New York is not a legitimate consideration. This simply did not happen here and, in any event, speculative possibilities are not relevant *(see, Richfield Oil Corp. v State Bd.,* 329 US 69).

The Tribunal's determination is unreasonable. The transac-

tions were immune from State taxation. The determination should be annulled and the petition granted.