OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner, an officer of a company that owns, publishes and distributes several shopping newspapers, commenced this CPLR article 78 proceeding to challenge a determination of the Tax Appeals Tribunal requiring payment of sales and use taxes due on certain purchases of equipment and electricity by the company that occurred between 1982 and 1985 (see, Tax Law § 1105 [a], [b]; § 1110). It is undisputed that the equipment and electrical power in question were used in the production of petitioner’s newspapers, which carry paid advertisements and are distributed to the public without charge.
Petitioner argued before the Department of Taxation and Finance that the sale transactions in issue were free from taxation under Tax Law § 1115 (a) (12), which exempts from sales and use tax certain equipment that is used "directly and *861 predominantly in the production of tangible personal property * * * for sale” (see also, § 1115 [c]). The Tax Appeals Tribunal rejected this argument, stressing that petitioner’s newspapers are not themselves sold and that the payments petitioner’s company receives from advertisers are for the advertising services it provides and not for the newspapers themselves. The Appellate Division confirmed this determination, expressly rejecting petitioner’s claim that the statutory exemption was available in his circumstances and noting that his other claims were "either meritless or not properly before th[e] Court due to petitioner’s failure to raise them at the administrative level” (183 AD2d 57, 61).
On this appeal taken by petitioner as of right (see, CPLR 5601 [b] [1]), we conclude that respondent’s determination regarding petitioner’s entitlement to the Tax Law § 1115 (a) (12) and (c) exemption not only was rational, but was the most reasonable view of the statute. A "sale” is defined as "[a]ny transfer of title or possession or both * * * in any manner or by any means whatsoever for a consideration” (§ 1101 [b] [5]; see also, 20 NYCRR 526.7 [a] [1]). The revenues petitioner’s company received from advertisers were not consideration offered in exchange for the "transfer of title or possession” of the newspapers that the equipment and electricity were used to produce. Thus, it cannot be said that the equipment and electricity were used for the production of tangible personal property that was manufactured "for sale.”
We also reject petitioner’s argument that respondent’s construction of the statute brings it into conflict with First Amendment principles by singling out shopping newspapers such as petitioner’s for unfavorable tax treatment while other news entities are afforded an exemption. The flaw in petitioner’s argument is that, unlike the statutes in Minneapolis Star v Minnesota Commr. of Revenue (460 US 575) and Arkansas Writers’ Project v Ragland (481 US 221; see also, Leathers v Medlock, 499 US 439), this tax scheme is not directed at the press in general or at a particular class of news entities. Rather, it is a set of "generally applicable economic regulations” designed to ensure that the incidence of the tax falls only on the last transaction in the production chain (Minneapolis Star v Minnesota Commr. of Revenue, supra, at 581). Under the statutory scheme, the exemption is denied to any business that does not produce a product "for sale.” Its application to petitioner’s business thus presents no "constitutional problems” (id., at 581).
*862 Petitioner’s final contention that he should not have been assessed penalties and interest pursuant to Tax Law § 1145 because his failure to pay the sales and use tax was not "willful” was not raised before the appropriate administrative bodies and is therefore not preserved for our review.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
Judgment affirmed, with costs, in a memorandum.