■ In the Matter of Michael Waite, as Officer of Harrison Radio Corporation, Petitioner, v Tax Appeals Tribunal of the State of New York et al., Respondents. [639 NYS2d 584] —Mikoll, J.

Petitioner seeks a review of the decision of respondent Tax Appeals Tribunal imposing sales taxes found to be owed by Harrison Radio Corporation (hereinafter Harrison) on petitioner as an officer of the corporation. After conducting an audit of the corporation's sales, using a two-day test period of Harrison's retail stores, the audit period was extrapolated to calculate the taxes due for the three-year audit period. The auditor disallowed nontaxable retail sales in the sum of $2,363,454.80 and found underreported sales in the sum of $990,996. Based on these calculations, petitioner was issued a determination and demand for payment of sales taxes in the sum of $221,069.80 plus $57,082.36 in interest for the period of March 1, 1976 to August 31, 1979. Because of a dispute as to whether the test period was representative, a second audit utilizing two different days was conducted for the period ending May 31, 1980.

The second audit resulted in a reduction of disallowed nontaxable sales percentage. The original disallowed percentage arrived at in the first audit was reduced from 39.14% to 21.3%. The auditor then averaged this revised disallowed percentage with the disallowed percentage from the second test to reach an average disallowed percentage of 16.23%. Eventually, the disallowance for nontaxable retail sales was reduced to 9.35%.

Petitioner was issued a notice of assessment review for the period March 1, 1976 through August 31, 1979 and the period from September 1, 1979 through May 31, 1980 in the sum of $37,513.57 and $10,577.59, respectively, plus an assessment of interest minus the estimated taxes paid by Harrison.

Petitioner challenged the use of a two-day test period for the entire three-year term, claiming that it was unwarranted. We disagree. The records submitted to respondent were insufficient to deduce the amount of taxes due in that Harrison's records for the first six months of the period under review were missing. In addition, there was an absence of any invoices for sales of less than $10 which, when considered with the fact that many of the nontaxable sales were less that $10, is significant. All of these circumstances justified the use of a test period (*see*, Tax Law § 1138 [a] [1]; *Matter of Manno v State of New York Tax Commn.*, 147 AD2d 805, 806, *lv denied* 74 NY2d 610, *appeal dismissed* 75 NY2d 864, *cert denied* 498 US 813). We hold that the methodology used in this case was appropriate.

The petitioner challenges the denial of an exemption for a retail sale of radio equipment to Ecuatoriana Airlines in the amount of $452. The question is significant in that the disallowance of this sale as nontaxable greatly distorted the disallowance percentage arrived at by the auditor, to petitioner's detriment. Petitioner urges that this sale was exempted from tax pursuant to the Import-Export Clause (US Const, art I, § 10), which prohibits States from imposing duties on imports and exports.

The taxpayer bears the burden of proving that sales are not taxable and a failure to prove that actual delivery took place outside of New York provides a rational basis for the imposition of sales tax (*see, Matter of Hazan, Inc. v Tax Appeals Tribunal*, 152 AD2d 765, 766-767, *affd* 75 NY2d 989; *see also,* Tax Law § 1132 [c]). The record discloses that Ecuatoriana purchased the equipment from petitioner in New York City, paid for it in New York City and took delivery of it at its New York City airline terminal. Thus, possession and control of the equipment by petitioner took place in New York City. There was no proof here that the equipment was irrevocably committed to export at the time of delivery to the purchaser, such as actual deposit on the plane, nor proof that it was irrevocably committed to a foreign destination to place the transaction in the excepted class. Therefore, we conclude that there is no merit to petitioner's argument that disallowance of this sale in the nontaxable category violates the Import-Export Clause.

Petitioner next contends that Tax Law § 1133 (a) does not extend personal liability on him for penalties and interest and, as such, petitioner should not have been held liable for the interest owed on the sales tax. It is conceded that petitioner failed to raise this argument below and, consequently, the argument has been waived (*see, Matter of Henry v Wetzler*, 82 NY2d 859, 862, *cert denied* 511 US 1126; *Matter of Mera v Tax Appeals Tribunal*, 204 AD2d 818, 821). Were we to consider the issue, however, we would reject the argument as lacking merit. Petitioner was the chief financial officer at Harrison and in charge of its finances. He signed the corporation's tax returns. Petitioner was under a duty to act for the corporation and thus to collect and pay any tax imposed (*see,* Tax Law § 1131 [1]; 20 NYCRR 526.11 [b] [2]). He is consequently liable for penalties and interest on the taxes due.

Petitioner likewise waived any challenge to personal tax liability for the sales taxes owed for the first two quarters of the original audit period when he as yet had no vested interest in the enterprise. The argument, though perhaps meritorious,

will not be considered when raised for the first time on appeal (*see, Matter of Henry v Wetzler, supra,* at 862; *Matter of Mera v Tax Appeals Tribunal, supra,* at 821).

Cardona, P. J., White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.