■ In the Matter of SALVATORE CAVALIERI et al., Appellants, v COMMISSIONER OF THE STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE, Respondent. [672 NYS2d 931] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Donohue, J.), entered September 18, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

On March 29, 1996, petitioners purchased a pizzeria located in Brooklyn for the sum of $72,500. Prior to the closing, the

seller's attorney notified the State Department of Taxation and Finance of the bulk sale and requested a payoff letter. On March 25, 1996, the Department sent the seller a consolidated statement of tax liability indicating that total taxes in the amount of $17,426.68 were due and had to be paid in order to obtain a release of liens. In April 1996 following the closing, the seller paid this amount to the Department and included with the payment a pro forma notice of bulk sale.

Thereafter, on July 1, 1996, the Department sent a notice of determination to petitioners by certified mail advising them of unpaid taxes due in the amount of $66,735.41. The notice advised petitioners of their right to challenge the assessment by requesting a hearing on or before September 29, 1996. The notice warned that if a request for a hearing was not filed by that date, "[t]his notice will become finally and irrevocably fixed and subject to collection action".

Petitioners failed to request a hearing or take any other action with respect to the assessment until April 1997 when they commenced this CPLR article 78 proceeding. Respondent moved to dismiss the petition based upon petitioners' failure to exhaust administrative remedies. Supreme Court granted the motion and this appeal ensued.

We affirm. Initially, we shall not address petitioners' contention regarding the timeliness of the notice of determination under Tax Law § 1141 (c) inasmuch as petitioners failed to preserve this claim for our review by raising it in Supreme Court (see, Matter of Waite v Tax Appeals Tribunal, 225 AD2d 962, 964).

We further find no merit to petitioners' argument that recent amendments to Tax Law § 1138 (a) (3) (A) preclude a finding that the notice of determination was final and binding. The provision of the Tax Law in effect at the time the notice of determination was issued stated, in pertinent part, that: "The liability of a purchaser * * * of business assets sold * * * in bulk for the payment to the state of taxes determined to be due from the seller * * * under subdivision (c) of section eleven hundred forty-one of this chapter shall be *finally and irrevocably fixed* unless the purchaser * * * *within ninety days* after the giving of notice by the tax commission to such purchaser * * * of the total amount of any tax or taxes which the state claims to be due from the seller * * * shall apply to the tax commission for a hearing" (Tax Law former § 1138 [a] [3] [A] [emphasis supplied]). The provision was amended in 1996 and now reads that the liability of the purchaser under the above section "shall be an assessment of the liability

determined" (Tax Law § 1138 [a] [3] [A]). Although liability is no longer fixed at the time of the issuance of a notice of determination, petitioners cannot take advantage of the amendment since it is applicable only "to taxable years commencing on and after January 1, 1997" (L 1996, ch 267, § 3).

Therefore, Supreme Court properly concluded that petitioners failed to exhaust their administrative remedies since they did not take any action to contest the notice of determination within 90 days of its issuance (*see, Matter of Parpis Food Dist. v Wetzler*, 202 AD2d 873, 875; *Matter of 550 Cent. Ave. Deli Corp. v Commissioner of Taxation & Fin.*, 188 AD2d 845, 846, *lv denied* 81 NY2d 706; *see also, Matter of Between The Bread II v Urbach*, 234 AD2d 724). We are not persuaded by petitioners' contentions that administrative review would be futile or that this proceeding raises a pure question of law (*see, Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *Davidson v Rochester Tel. Corp.*, 163 AD2d 800, 802-803, *lv denied* 76 NY2d 714). Consequently, these exceptions to the exhaustion doctrine are inapplicable.

Furthermore, petitioners' assertion of nonreceipt of the notice of determination, without more, does not compel a contrary conclusion given the presumption of receipt which arises under Tax Law § 1147 (a) (1) and the proof of mailing submitted by respondent (*see, Matter of T. J. Gulf, Inc. v New York State Tax Commn.*, 124 AD2d 314, 315). Therefore, we find no reason to disturb Supreme Court's judgment.

Mikoll, Crew III, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.