■ RICHARD DOIN et al., Appellants, v BLUFF POINT GOLF & COUNTRY CLUB, INC., et al., Respondents, et al., Defendants. [692 NYS2d 199] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dawson, J.), entered March 16, 1998 in Clinton County, which denied plaintiffs' motion for summary judgment.

After the Planning Board of the Town of Plattsburgh in Clinton County granted preliminary approval for phase one of a residential development, plaintiffs, owners of six townhouse units adjoining the site of the proposed development, brought this action seeking to have Supreme Court declare the real property owned by defendant Bluff Point Golf & Country Club, Inc. (hereinafter the Country Club) subject to a negative easement in their favor by virtue of a common plan of development and to enjoin defendants from developing the area (hereinafter the preservation area). Defendant Bluff Point Development Corporation and the Country Club (hereinafter collectively referred to as defendants) answered and asserted counterclaims seeking a determination that plaintiffs possess no rights in or any easements over the preservation area.

Plaintiffs contend that they purchased their condominiums in reliance on Bluff Point's representation that the preservation area, which is included in the site of the proposed development, would remain undeveloped and in its natural state for their use. Plaintiffs' motion for summary judgment was denied by Supreme Court for the reason that a material issue of fact existed as a result of plaintiffs' failure to establish the specific acreage that would be subject to the negative implied easement. Plaintiffs appeal.

Plaintiffs contend that they submitted sufficient proof to establish their right to a negative easement as a matter of law. In support thereof they have submitted numerous affidavits indicating that Bluff Point, the developer of the townhouses, represented to them a general plan of development which included maintenance of the preservation area in an undeveloped state for their use and enjoyment. They have also offered maps, various advertisements and promotional brochures in support of their contention. Defendants, in response, contend that Bluff Point did not and does not own the preservation area and, thus, they are entitled to summary judgment dismissing the complaint against them.

The burden of proof is on the party seeking to enforce a restrictive covenant and must be met by more than a doubtful right (*see, Huggins v Castle Estates*, 36 NY2d 427, 430). Courts will enforce restraints only where their existence has been

established by clear and convincing proof (*see, Witter v Taggert*, 78 NY2d 234, 238). It is undisputed that the Country Club is, and at all relevant times was, the owner of the preservation area. The record bears no evidence that the Country Club, or any party authorized to act on its behalf, ever represented to plaintiffs, or anyone, that the preservation area would be left in its natural and undeveloped condition. Absent such proof, plaintiffs have failed in their burden of making a prima facie showing of entitlement to judgment as a matter of law and thus their motion for summary judgment was properly denied.

We are authorized to search the record and to grant summary judgment to the nonmoving and nonappealing party without the necessity of a cross appeal (*see, Douglass v Rental Props.*, 248 AD2d 863). From all of the above, we conclude that defendants should be awarded summary judgment dismissing the complaint against them.

Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants Bluff Point Golf & Country Club, Inc. and Bluff Point Development Corporation, by granting said defendants summary judgment and dismissing the complaint against them, and, as so modified, affirmed.