■ WARRAN W. BENDER et al., Appellants, v PEERLESS INSURANCE COMPANY et al., Respondents. [828 NYS2d 655]—

Lahtinen, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 5, 2006 in Delaware County which, inter alia, denied plaintiffs' motion for summary judgment.

Plaintiffs admit spilling a small amount of fuel oil while making a residential delivery in March 2002. Notice of the incident was ostensibly provided to defendants in January 2004, and they disclaimed coverage in April 2004. The owners of the home subsequently commenced a lawsuit alleging that the spill and concomitant damages were much more extensive than acknowledged by plaintiffs. Defendants again denied coverage, prompt-

ing this declaratory judgment action by plaintiffs seeking to compel defendants to defend and indemnify them in the underlying action by the homeowners. Plaintiffs and defendants eventually moved for summary judgment.

Supreme Court denied plaintiffs' motion finding that there were factual issues as to whether they provided defendants with timely notice under the terms of the policies. Supreme Court granted dismissal as to defendant Excelsior Insurance Company upon the ground that its policies contained pertinent pollution exclusion clauses, but Supreme Court found that defendants Peerless Insurance Company and Netherlands Insurance Company (hereinafter defendants) could not properly disclaim under their pollution exclusion clauses. Plaintiffs appeal, contending that their motion should have been granted.

The sole ground urged by plaintiffs for reversal on appeal is that, even if they did not establish as a matter of law that they afforded timely notice to defendants, the language of the policies required defendants to show prejudice flowing from the lack of notice and there is no evidence of prejudice. Defendants allege that plaintiffs did not raise the issue of prejudice before Supreme Court and, accordingly, it is not properly before us (*see Blair v County of Albany*, 127 AD2d 950, 951 [1987]; *see also Matter of Cavalieri v Commissioner of State of N.Y. Dept. of Taxation & Fin.*, 250 AD2d 973, 974 [1998]). Plaintiffs assert in their brief, however, that they did raise the issue before Supreme Court at oral argument and both parties argued the point. Nevertheless, this issue does not appear anywhere in the record on appeal and plaintiffs did not move for leave to reargue their summary judgment motion before Supreme Court (*see* CPLR 2221 [d]). Under the circumstances of this case, we decline to consider the issue (*see Barclay's Bank of N.Y. v Smitty's Ranch*, 122 AD2d 323, 325 [1986]; *see generally* 1 Newman, New York Appellate Practice § 4.18 [2]), particularly since defendants were not afforded a full opportunity to expand on their written disclaimer.

Defendants' assertion, that despite their failure to file a notice of appeal we should exercise our power to search the record and grant them summary judgment (*see Doin v Bluff Point Golf & Country Club*, 262 AD2d 842, 843 [1999], *lv denied* 94 NY2d 753 [1999]), is rejected as unwarranted in this case.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.