◼ In the Matter of MARY T. PROBST FAMILY TRUST, Alice Altieri, as Trustee, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF HORICON, Respondent. [913 NYS2d 813]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Krogmann, J.), entered April 22, 2010 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for an area variance.

Petitioner is the owner of property in the Town of Horicon, Warren County and sought to build a one-bedroom cottage upon it where a garage now stands. Its application for a building permit was denied on the ground that the cottage would violate setback requirements established by the Town's zoning ordinance. Petitioner applied for an area variance and, following respondent's denial of that application, commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner appeals.

We affirm. Initially, petitioner did not argue before respondent that the lot upon which the one-bedroom cottage was to be

built was in existence prior to the adoption of the zoning ordinance and was, therefore, exempt from its requirements. Accordingly, that issue may not be raised in this CPLR article 78 proceeding (*see Matter of Henry v Wetzler*, 82 NY2d 859, 862 [1993], *cert denied* 511 US 1126 [1994]; *Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals*, 56 AD3d 1108, 1109 [2008]).*

Turning to the denial of the application for an area variance itself, respondent "was required to engage in a balancing test, weighing the proposed benefit to [petitioner] against the possible detriment to the health, safety and welfare of the community, as well as consider the five statutory factors enumerated in Town Law § 267-b (3)" (*Matter of Friends of the Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner*, 56 AD3d 883, 886 [2008] [citation omitted]; *see Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd.*, 39 AD3d 1098, 1101 [2007]). Respondent undertook the required analysis here and found that the variance sought was "substantial to the extreme." Indeed, petitioner sought a 92% reduction in the zoning ordinance's roadway setback requirement—which would have permitted construction only four feet from an adjacent public road—as well as significant deviations in shoreline and side yard setback requirements (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 614-615 [2004]; *Matter of Cellco Partnership v Bellows*, 262 AD2d 849, 852 [1999]). Respondent further determined that the neighborhood and nearby properties would be negatively impacted, emphasizing that vehicles entering the road from the parcel would emerge near a sharp turn with limited visibility (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 309 [2002]). As respondent's determination that these and other factors warranted denial of petitioner's application "has a rational basis and is supported by substantial evidence," it must be upheld (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613).

Cardona, P.J., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We note that prospective purchasers of the property sought to build a residence on the lot and applied for an area variance in 2004, and neither they nor petitioner sought review of respondent's ensuing determination that the zoning ordinance's setback requirements were applicable to the lot.