■ In the Matter of MELISSA A. SARAT, Appellant, v TOWN OF PREBLE ZONING BOARD OF APPEALS, Respondent, et al., Respondent. [939 NYS2d 202]—

---

* It is unclear whether such records were searched using either Premo's single or previous married name.

Lahtinen, J. Appeal from a judgment of the Supreme Court (Tait, J.), entered July 20, 2011 in Cortland County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Town of Preble Zoning Board of Appeals granting respondent Preble Congregational Church's request for an area variance.

Respondent Preble Congregational Church replaced its old unlit sign, which reportedly measured two feet, eight inches wide by five feet high, with a new sign that had lights and was eight feet wide by four feet, one inch high. A local zoning ordinance limited signs to 20 square feet and, since the new sign was about 32 square feet, the church applied to respondent Town of Preble Zoning Board of Appeals (hereinafter ZBA) for an area variance. The ZBA granted the variance and thereafter petitioner, who lives about 200 feet from the church, commenced this proceeding. Supreme Court dismissed the proceeding and petitioner now appeals.

A zoning board has broad discretion when considering an application for an area variance and its determination will not be judicially disturbed unless "the record reveals that the board acted illegally or arbitrarily, or abused its discretion" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Smelyansky v Zoning Bd. of Appeals of the Town of Bethlehem*, 83 AD3d 1267, 1268-1269 [2011]). The ZBA considered the factors set forth in Town Law § 267-b (3) (b), and it balanced the benefits to the church against the impact on the neighborhood. In granting the application, the ZBA noted, among other things, that the requested increase from the size allowed by the local ordinance was not substantial, the lighted portion of the sign generally turned off an hour and a half after sunset, the new sign was not significantly larger than the one it replaced and the sign would not have an adverse effect on the neighborhood. The ZBA did not act arbitrarily nor did it abuse its discretion in granting the variance.

Petitioner further contends that the ZBA violated the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) by approving the variance for the sign. Replacing a structure of this nature on the same site with a similar structure generally is a type II action and, thus, SEQRA review is not required (*see* 6 NYCRR 617.5 [a], [c] [2]). In any event, the ZBA conducted a public hearing and completed a short environmental assessment form in which it concluded that the proposed action would not result in any significant adverse environmental

impact. Petitioner's contention that the ZBA violated SEQRA is without merit.

Peters, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.