McCarthy, J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered April 3, 2012 in Ulster County, which dismissed petitioner’s amended application, in a proceeding pursuant to CPLR article 78, to review, among other things, a determination of respondent Town of New Paltz Planning Board granting conditional site plan approval to respondent New Paltz Hospitality LLC.
In 2008, respondent New Paltz Hospitality LLC (hereinafter the applicant) applied to respondent Town of New Paltz Planning Board and respondent Town of New Paltz Zoning Board of Appeals (hereinafter the ZBA) for land use and zoning variance approvals required to construct a hotel on a parcel of property owned by respondent Ulster Rock, Inc., where an abandoned warehouse was located. The Planning Board declared itself lead agency for environmental review under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and, after determining that there would be no adverse environmental impact, issued a conditional negative declaration. Thereafter, the ZBA conditionally approved the applicant’s request for a six-foot height variance to provide for an aesthetically pleasing pitched roof, which would also permit the incorporation of environmentally-friendly energy conservation features.
Petitioners, who are the owners and operators of a motel on land adjacent to the proposed project site, commenced this CPLR article 78 proceeding challenging, among other things, the Planning Board’s issuance of the negative declaration and the ZBA’s grant of the height variance. The Planning Board subsequently granted conditional site plan approval,* and petitioners amended their petition to additionally challenge that approval. Supreme Court dismissed the amended petition and this appeal ensued.
Initially, the Planning Board satisfied its obligations under SEQRA. “ ‘Judicial review of an agency determination under SEQRA is limited to whether the [lead] agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its de *823 termination’ ” (Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of the Town of Wawarsing, 82 AD3d 1384, 1385 [2011], lv denied 17 NY3d 705 [2011], quoting Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007] [citations omitted]). “While judicial review must be meaningful, the courts may not substitute their judgment for that of the agency for it is not their role to ‘weigh the desirability of any action or [to] choose among alternatives’ ” (Akpan v Koch, 75 NY2d 561, 570 [1990], quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416 [1986]). The lead agency’s determination will only be annulled if it is arbitrary, capricious or unsupported by the evidence (see CPLR 7803 [3]; Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 232; Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 82 AD3d 1377, 1378 [2011]).
Here, a review of the record establishes that the Planning Board conducted a two-year coordinated SEQRA review of the application which included, among other things, consultation with traffic engineers; review of the expanded long form environmental assessment form, visual assessment form, traffic studies and related submissions; compliance with the comprehensive master plan, an architectural study, a water system and sewage report, and drainage and storm water impact studies; consideration of input from various interested agencies, as well as public comments and concerns received from public hearings and Planning Board meetings, and submissions by interested parties. The Planning Board conditioned the negative declaration on the applicant’s compliance with various mitigating measures designed to minimize potential environmental impacts, including constructing turn lanes, upgrading traffic signals, adding traffic signage, retention of certain trees for aesthetic purposes and construction of a previously approved water line loop/extension for water supply and sewer purposes. The Planning Board specifically noted the various environmental impacts it considered in reaching its determination and it took a hard look before concluding that the project would not have a significant impact on the environment. The Planning Board also provided detailed reasoning and elaboration for its determination in the negative declaration with regard to the lack of significant impacts on traffic and transportation, aesthetics resources, water and sewage resources, endangered species, historic resources, community character and services, and energy resources. Under these circumstances, the Planning Board complied with the procedural and substantive requirements of SEQRA (see 6 NYCRR 617.7) and, accordingly, its determination is not arbitrary or capricious (see Matter of *824 Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 232; Matter of Basha Kill Area Assn. v Planning Bd. of Town of Mamakating, 46 AD3d 1309, 1312 [2007], lv denied 10 NY3d 712 [2008]).
The ZBA’s determination to grant the variance is also valid. In determining whether to grant a variance, the local zoning board must “ ‘engage in a balancing test, weighing the proposed benefit to [the applicant] against the possible detriment to the health, safety and welfare of the community, as well as consider the five statutory factors enumerated in Town Law § 267-b (3)’ ” (Matter of Mary T. Probst Family Trust v Zoning Bd. of Appeals of Town of Horicon, 79 AD3d 1427, 1428 [2010], lv denied 16 NY3d 708 [2011], quoting Matter of Friends of the Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner, 56 AD3d 883, 886 [2008]). “Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determinating whether the action taken by the board was illegal, arbitrary or an abuse of discretion” (Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002] [citation omitted]; accord Matter of Russo v City of Albany Zoning Bd., 78 AD3d 1277, 1279 [2010]).
Here, the ZBA addressed the requisite statutory factors in approving the proposed six-foot height variance after a review of various qualified recommendations, studies and public input. In balancing the benefits to the applicant against the possible detriment to the community, the ZBA specifically referred to documentation in support of its conclusions that, among other things, the variance was not substantial when compared to the nearby buildings, would improve the physical and environmental condition and character of the neighborhood, and was the minimum variance required to promote energy efficiency for both the applicant and the community. As substantial evidence in the record supports the rationale for the ZBA’s determination granting the variance, it will not be disturbed (see Matter of Sarat v Town of Preble Zoning Bd. of Appeals, 93 AD3d 921, 922 [2012]; Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush, 16 AD3d 715, 724-725 [2005]).
With regard to the conditional site plan approval, petitioners’ assertion that the proposed project constitutes an out-of-district user that is ineligible for receipt of sanitary sewer service from the Village of New Paltz is raised for the first time on appeal and, therefore, is unpreserved for our review (see Matter of Henry v Wetzler, 82 NY2d 859, 862 [1993], cert denied 511 US 1126 [1994]; Matter of Mary T. Probst Family Trust v Zoning Bd. of Appeals of Town of Horicon, 79 AD3d at 1427-1428).
*825 Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 The Planning Board granted site plan approval for the building design that included a six-foot height variance, as well as an alternative design eliminating the six-foot height variance in order for the applicant to proceed in the event that the ZBA approval was deemed invalid.