RAYMOND COLBERT, JR., Appellant, *v.* HOME INDEMNITY COMPANY et al., Respondents.

Fourth Department, December 3, 1970.

*Milo Thomas* (*Charles S. Desmond* of counsel), for appellant.

*Hickey & McHugh* (*E. James Hickey* of counsel), for respondents.

GABRIELLI, J.   As a result of injuries sustained in a one-car automobile accident Aleck Whatley recovered a verdict against the plaintiff herein in the amount of $225,000. Plaintiff's insurance carrier (defendants herein) paid the $10,000 policy limit to Whatley and received a partial satisfaction of judgment. Thereafter, plaintiff commenced this action for the balance of the verdict recovered against him, alleging bad faith by reason

of defendants' refusal to settle Whatley's action for the sum of $10,000 which, plaintiff claims, could have been done prior to the commencement of the trial of the negligence action. From an adverse judgment, plaintiff appeals.

Stripped of the collateral considerations which have no dispositive effect upon the case, the central question involved herein concerns plaintiff's right to recover for the amount of the excess by which the judgment exceeds the $10,000 policy limit, where it appears that plaintiff's actions and statements influenced the insurance carrier to reject the offer of settlement.

In order to place the matter in proper perspective, a brief summary of the facts is required. The occupants of the car were Whatley, who was the owner thereof, the plaintiff herein, and four other persons. Following the one-car accident of said vehicle in which Whatley was seriously injured, he brought action against the plaintiff herein, claiming that plaintiff was the operator. The plaintiff herein and two of the other passengers brought personal injury actions against Whatley, claiming that the latter was the operator. The decisive issue to be resolved during the trial was the identity of the operator of the Whatley vehicle. All the actions were tried together and verdicts of no cause of action were rendered in these actions brought against Whatley.

There appears to be no dispute that during pretrial negotiations Whatley had offered to settle his action against the plaintiff herein for the limit of the $10,000 insurance coverage. It further appears that plaintiff's personal counsel also requested the insurer to pay the settlement demand. However, it is important to take note of the conceded fact that plaintiff insisted that his action against Whatley proceed to trial, even if Whatley's personal injury action were settled.

We agree with the result reached by the trial court. In affirming, however, we point out that the resolution of the issue presented is based upon the doctrine of estoppel, a principle which was not treated below.

Throughout the trial and at all times plaintiff has contended that he was not driving the Whatley car. This is evidenced, of course, by the commencement of his action against Whatley and his absolute refusal to discontinue his action if Whatley's offer to settle for $10,000 had been accepted. The plaintiff's present position is that the defendants should have paid no attention to his insistence that he was not driving, should have disbelieved him and should have settled with Whatley for the full amount of the policy.

We are constrained to disagree with plaintiff's contention. In continuing his own injury action to its conclusion and by steadfastly adhering to his position that Whatley was driving, plaintiff should not now be heard to complain that he was prejudiced when, in fact, it was his misconduct which induced the line of defense by defendants herein. Can plaintiff now maintain that the defendants should have disbelieved him and should have settled with Whatley even though he always maintained he was not the operator? We think not. In this posture of the case, plaintiff's contention that defendants erred in judgment in settlement negotiations, is stripped of its vitality and loses its merit. Plaintiff cannot now be heard to complain of the rejection of the offer to settle with Whatley when, in fact, the plaintiff's actions and statements have misled defendants as to vital and decisive facts governing their liability to Whatley. In such event he is subject to the defense of estoppel in an action alleging that an insurer acted in bad faith. By his statements and actions plaintiff induced the insurer to present the issue to a jury and, having contributed to producing the situation in which he now finds himself, he may not be permitted to complain (see, e.g., *State Farm Mut. Auto Ins. Co.* v. *Brown*, 21 A D 2d 742). Despite the possibility of a large verdict because of Whatley's extensive injuries and the conflicting evidence as to the identity of the driver, defendants may not be cast in liability in the circumstances presented by this record.

In short, if the carrier failed to weigh properly the interests of the assured, it was persuaded to do so by the actions of the plaintiff herein, and when this occurs more than mere error in judgment is required in order to impose liability on an insurer when reliance is placed upon such acts which have thereby resulted in inducing the rejection of the compromise offer of settlement. (*Hall* v. *Preferred Acc. Ins. Co. of N. Y.*, 204 F. 2d 844; *Tennessee Farmers Mut. Ins. Co.* v. *Wood*, 277 F. 2d 21, 37; *Younger* v. *Lumbermens Mut. Cas. Co.*, 174 So. 2d 672, writ den. 247 La. 1086.) The applicable principle has been properly stated to be that "If the insured's misconduct induces the insurer's rejection of the compromise offer * * * he clearly should not be permitted to complain of the failure to settle". (14 Couch, Insurance [2d ed.], § 51:138.) This rule clearly applies to the facts of plaintiff's present claim. The judgment and order should be affirmed.

GOLDMAN, P. J., MARSH, MOULE and HENRY, JJ., concur.

Judgment and order unanimously affirmed without costs.