ELAINE PIPOLI, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

First Department, February 15, 1972.

*Marc Bazin* for appellant.

*Robert G. Burkhart* of counsel (*Edward L. Milde,* attorney), for respondent.

STEUER, J. Suit is on an assigned claim, and the rights of the parties are to be determined as if the assignor were the plain-

tiff. The assignor, one Tedeschi, was the insured under a liability policy for $10,000 issued by defendant. The insured was involved in an accident in which a young woman was seriously injured. It appeared that the insured left his car on the highway and another car crashed into it. It was the insured's contention, maintained throughout, that he ran out of gas; that when his car stopped he took every possible precaution to make its presence known to other drivers; and that at least two such drivers passed him before the crash. And his version was to some extent corroborated by the other defendant, to the latter's disadvantage. The injured young lady sued both drivers, and in the course of trial the other driver settled for $32,000. Negotiations were had with defendant and the final result was that defendant, having made an offer of $5,000, refused to increase it, and the demand, which at that time was $6,500, would not be lowered. The case proceeded to verdict, which was in the sum of $31,000 in excess of the amount already received. The defendant having paid the policy limit, Tedeschi, the insured, owed the plaintiff $21,000.

He asserted a claim against defendant for this sum, which claim he assigned to the plaintiff in the underlying action. An insurer's duty to its insured is to defend the action against him in good faith. Without going into all of the factors which lead to a conclusion on whether good faith in fact characterized the company's actions (see *Brown* v. *United States Fid. & Guar. Co.*, 314 F. 2d 675; Keeton, Liability Insurance and Responsibility for Settlement, 67 Harv. L. Rev. 1136), there is in this case one overriding consideration. An insured who steadfastly proclaims his own freedom from fault cannot complain if his insurer believes him and acts accordingly (*Colbert* v. *Home Ind. Co.*, 35 A D 2d 326).

It is argued that this principle has no application because the insurer did make an offer. This contention loses sight of the practicalities of negligence litigation. There are several factors which lead to an offer of settlement which in an ideal system of absolutes, depending strictly on the merits of the action, would lead to none. To mention just a few: the cost of defending, including time and energy; the possibility of a very large, even though unmerited, recovery; and the creation of an unfavorable image of adamant resistance, justified or unjustified, in the eyes of the litigating fraternity. The last frequently takes the form of making some contribution to a larger offer made by a codefendant, in order to dispose of the entire litigation. In view of these, the fact of some offer being made is no sign that the company

did not rely on the insured's insistence on his version of the occurrence. Surely it is under no duty to him to disbelieve him.

The judgment entered August 5, 1971 (FRANK, J.) should be affirmed with costs.

KUPFERMAN, J. (dissenting). The plaintiff sues as the assignee of Philip Tedeschi, the insured under a policy of liability insurance issued by the defendant United States Fidelity and Guaranty Company (hereinafter USF & G) based on her recovery against Tedeschi in a negligence action.

The plaintiff, then an infant, was a passenger in a motor vehicle owned and operated by Frank Bonanno, which struck the rear of Tedeschi's stopped automobile standing in the extreme left or fast lane of the Gowanus Parkway in Brooklyn. Bonanno and Tedeschi were sued as joint tort-feasors by the plaintiff and her mother. During the trial, the plaintiffs offered to accept $40,000 in settlement against both defendants. The Bonanno litigation was settled for $32,000, and a conditional release given which permitted the plaintiffs to continue against Tedeschi. USF & G on behalf of Tedeschi offered $5,000, which was one half of the coverage afforded by its assured's liability policy, as against the $8,000 demanded. The plaintiffs reduced their figure to $6,500 during the course of the trial, but USF & G refused to meet that split difference and adhered to its limited offer of $5,000.

The jury verdict imposed liability upon Tedeschi in the sum of $31,000 above the amount paid in the Bonanno settlement. This was $21,000 in excess of the coverage afforded by the USF & G policy. This court affirmed without opinion the determination in that negligence action (31 A D 2d 718) and leave to appeal was denied by the Court of Appeals (23 N Y 2d 645).

Thereafter, Tedeschi assigned to the plaintiff Elaine Pipoli his cause of action against USF & G for not acting in good faith with respect to the proposed settlement, which, if so demonstrated, would mean that the plaintiff is entitled to the excess judgment of $21,000.

The problem has heretofore been well posed in an article by Robert E. Keeton in 67 Harvard Law Review, 1136 (1954) entitled "Liability Insurance and Responsibility for Settlement." More recently, it has been analyzed by the Second Circuit Court of Appeals in *Brown* v. *United States Fid. & Guar. Co.* (314 F. 2d 675 [1963]).

The majority in the case on this appeal would have it that the determination was a question of judgment by the insurance company, and that a mistake in judgment should not subject them to liability for the full amount of the loss to the assured.

However, what have we here? The insurance company was in complete control of the litigation, although it had advised Tedeschi to retain independent counsel whose services were not in evidence because the word " fee " had been mentioned. While Tedeschi had been informed in general about the settlement situation, there was no specific evidence of notice to him of what was involved. Further, it was quite obvious and conceded that should the plaintiff be successful, the damages would be considerable. The insurance company maintains that it relied on the truthfulness of the story given by its assured Tedeschi of his freedom from negligence. He claimed to have had a breakdown on the highway (possibly there was not enough gasoline in the tank) and his stopped car was driven into by the Bonanno car while he walked to a police emergency phone.

USF & G's internal report on the situation prior to the trial indicates that while Bonanno was negligent and Tedeschi maintained his freedom from negligence, there was some doubt about Tedeschi's story. Further, that he made a poor witness. Also, that the plaintiff evoked sympathy.

The court in the nonjury trial on the question of good faith, stated as follows: " While a disinterested third-party evaluation of all the evidence regarding the accident herein would undoubtedly result in a rejection of the claims made by Tedeschi and lead instead to the conclusion that his chances of escaping liability would be minimal, such is not the vantage from which defendant Fidelity's evaluation is to be judged vis-a-vis its assured in an action such as this which seeks to assert the assured's claim for bad faith." The Judge in this nonjury trial is considered to be eminently qualified in judging the " value " of a negligence case. He could see the pitfalls involved in the negligence litigation on behalf of defendant Tedeschi, as the insurance company should have seen them. However, the court felt itself bound by the approach in *Colbert* v. *Home Ind. Co.* (35 A D 2d 326 [4th Dept., 1970]) in finding an absence of bad faith. However, there the defendant, in addition to asking that the plaintiff's claim be settled, insisted on pressing his own countersuit, which presented a completely different situation, because there the defendant was attempting to overreach rather than merely having his insurance company protect him from liability.

Also to be considered is *Gordon* v. *Nationwide Mut. Ins. Co.* (37 A D 2d 265, 269 [2d Dept., 1971]) where it was said: " In other words, this is not the more usual case where a carrier may become liable for an arbitrary refusal to settle within policy

limits where there is no rational basis for such refusal. Here, had Nationwide remained in the case and developed Porter's defense, it might very well have successfully resisted a claim of bad faith. There is no rule that the failure to dispose of a case which has a huge exposure, and which can be settled for a small amount, in and of itself necessarily connotes bad faith.''

Plaintiff Pipoli here has no greater claim than Tedeschi might have. If Tedeschi held to his own story, then there should have been no offer of settlement on his behalf other than possibly nuisance value or cost of litigation equivalent. However, the purpose of liability insurance is to protect the insured from his own fault. Determination of his liability is in the hands of third parties — a jury, as there was here in the original negligence trial, or possibly a Judge. That the insurance company whose expertise must be assumed, was prepared to pay $5,000 shows that they gave credence to the possibility of a recovery against Tedeschi, their insured.

It would not be amiss here to analogize to the story of the female who stated that she was amenable to amatory advances for a very substantial sum, but when asked about a lesser figure, she replied '' What do you think I am? '', to which the rejoinder was '' We have already established what you are, and the only question is the amount.''

If this case was worth $5,000, and the demand was $8,000, it was worth the settlement figure of $6,500, and to risk exposing the insured to a substantial recovery, which was clearly indicated should he be found liable, was a breach of duty owed to the assured.

It cannot be held to be good faith when the insurance company plays Russian roulette with the determination. As Mr. Justice STEUER so well put it in *Smoral* v. *Hanover Ins. Co.* (37 A D 2d 23, 25): '' Good faith in this connection means more than an absence of intent to harm. It means an adequate protection of the interests of the assured.''

I would reverse and grant judgment to the assignee for the amount recovered in the negligence action over and above the amount in the liability policy.

STEVENS, P. J., and MARKEWICH, J., concur with STEUER, J.; KUPFERMAN, J., dissents in an opinion, in which NUNEZ, J., concurs.

Judgment, Supreme Court, New York County, entered on August 5, 1971, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal.