■ Kurt F. Daus, Respondent, v Lumbermen's Mutual Casualty Company, Appellant. [659 NYS2d 584] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 13, 1996 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

Injured in a one-car accident in October 1988, plaintiff—who contends that the car was driven by Thomas Fanniff, the vehicle's owner and its only other occupant at the time of the collision—obtained a default judgment against Fanniff. After an inquest, plaintiff was awarded damages of $169,880.37; the applicable limit of the liability policy defendant had issued to Fanniff was $10,000. In exchange for plaintiff's agreement not to seek enforcement of the judgment, Fanniff assigned all of his rights and claims against defendant to plaintiff, and the latter thereafter commenced this action, charging defendant with bad faith in its failure to settle or defend the underlying lawsuit. Supreme Court denied defendant's motion for summary judgment, prompting this appeal.

To prevail on his claim that defendant breached its duty of good faith by refusing to settle the action against Fanniff, plaintiff must establish that the insurer acted in " 'gross disregard' " of Fanniff's interests, by "engag[ing] in a pattern of behavior evincing a conscious or knowing indifference to the probability that [Fanniff] would be held personally accountable for a large judgment" as a result of the company's refusal to accept a settlement offer within the policy limits (*Pavia v State Farm Mut. Auto. Ins. Co.,* 82 NY2d 445, 453-454). This requires a showing that an opportunity to settle was lost "at a time

when all serious doubts about the insured's liability were removed" (*id.*, at 454).

Defendant's initial rejection of plaintiff's settlement offer was based on Fanniff's representations in the loss notice, the police accident report and his motor vehicle report (all of which were completed shortly after the accident) that plaintiff, and not he, had been driving when the accident occurred. Inasmuch as it was Fanniff's own statements that raised a question as to his liability, he—and therefore plaintiff, who stands in his shoes for the purposes of this action—is estopped from contending that defendant acted in bad faith by failing to disregard or question those statements (*see, Newham v Nationwide Mut. Ins. Co.*, 61 AD2d 1067, 1068; *Pipoli v United States Fid. & Guar. Co.*, 38 AD2d 249, 250-251, *affd* 31 NY2d 679; *Colbert v Home Indem. Co.*, 35 AD2d 326, 329).

Moreover, because this documentary evidence raises a question as to whether Fanniff was indeed driving the car, as plaintiff asserts, it could not be said that plaintiff's settlement offers came at a time "when all serious doubts about [Fanniff's] liability [had been] removed" (*Pavia v State Farm Mut. Auto. Ins. Co., supra*, at 454). Nor would further investigation have resolved these factual questions, as plaintiff urges, for neither Fanniff's subsequent testimony (including his invocation of the privilege against self-incrimination), nor the favorable outcome of plaintiff's criminal trial, establishes unequivocally that Fanniff was actually the driver of the car.

Insofar as plaintiff's claim is premised upon allegations that defendant acted in bad faith by refusing to defend Fanniff in the underlying suit, it too must fail, for there is no indication that defendant's disclaimer of coverage, and concomitant refusal to provide a defense, was so improper or unjustifiable that it could be inferred to have been the product of a "conscious or knowing indifference" to Fanniff's interests. Fanniff admits that he did not forward the summons and complaint in that action to defendant, as the policy required, and did not inform defendant of the pendency of the action until he was served with notice that plaintiff was seeking a default judgment. Although plaintiff maintains that his original attorney sent copies of the papers to defendant in October 1991, after becoming aware that Fanniff had not done so, there is no proof that defendant actually received them at that time (a fact which it denies). Premised, as it was, upon an apparently reasonable belief that the notice requirements of the policy had not been satisfied, and that the insurer was therefore not obligated to provide coverage (*see, Hovdestad v Interboro Mut. In-*

*dem. Ins. Co.*, 135 AD2d 783, 784), defendant's disclaimer cannot be said to have been made in bad faith.

In sum, plaintiff's proof, even accepted in its entirety, does not establish the necessary elements of a cause of action for bad faith. Accordingly, the complaint should have been dismissed.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.