■ HEALTHCARE CAPITAL MANAGEMENT, LLC, et al., Respondents, v GEORGE ABRAHAMS et al., Appellants. WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP, Counterclaim Plaintiff-Appellant, v STEVEN B. NITSBERG, Counterclaim Defendant. [751 NYS2d 460] —Order, Supreme Court, New York County (Walter Tolub, J.), entered January 10, 2002, which, insofar as appealed from, denied (i) defendants' motion to dismiss plaintiffs' malpractice claims and (ii) Wolf, Block, Schorr and Solis-Cohen LLP's (Wolf Block) motion for summary judgment on its claims and counterclaims for breach of contract and account stated, unanimously modified, on the law, to grant Wolf Block's motion for summary judgment on its account stated counterclaims in the amount of $74,667.03 against Healthcare Capital Management, LLC (HCM), with 9% simple interest from December 5, 2000, and in the amount of $2,812.74 against Health Capital Investors, Inc. (HCI), with 9% simple interest from March 31, 2000 on $845.24 and from July 26, 2000 on $1,967.50, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiffs' claim that they did not know about the invoices that Wolf Block sent on a generally monthly basis is undermined by evidence of partial payments of the invoices. Plaintiffs, who had the burden of showing that they objected to the invoices within a reasonable time, say that they objected only in late January 2001, many months after the March 2000 bill for HCI/Purchase of Assets and the July 2000 bill for HCI/Corporate Matters. Such a belated objection is insufficient to avoid summary judgment (*see Rosenman Colin Freund Lewis & Cohen v Neuman*, 93 AD2d 745, 746). However, with respect to the HCM/Reservoir Capital invoice that Wolf Block sent on or about January 8, 2001, HCM's objection in late January 2001, less than a month later, was timely, and, accordingly, with respect to the Reservoir Capital matter, the judgment should reflect the preceding invoice of December 5, 2000. In addition, Wolf Block is entitled to 9% simple interest on its account stated claims (CPLR 5001, 5004; *see Kramer, Levin, Nessen, Kamin & Frankel v Aronoff*, 638 F Supp 714, 721).

Wolf Block is not entitled to summary judgment against Steven Nitsberg. It produced no retainer letter in which Nitsberg agreed to be personally liable for HCI's bills, and there is a factual dispute as to whether Nitsberg agreed to be personally liable for HCM's bills.

Because the amount that Wolf Block seeks on appeal on its breach of contract claim is the same as the amount that it seeks on its account stated claim, it is not necessary to reach the contract claim.

The amended complaint, as supplemented by the Nitsberg affidavits (*see Leon v Martinez*, 84 NY2d 83, 88), identifies the alleged acts of malpractice with sufficient precision to enable the court to control the case and defendants to prepare (*see Foley v D'Agostino*, 21 AD2d 60, 63), and otherwise satisfies the particularity requirements of CPLR 3013. Defendants' argument that the amended complaint should be dismissed for failure to state a cause of action, as opposed to insufficient particularity, is improperly raised for the first time on appeal (*see Douglas Elliman-Gibbons & Ives v Kellerman*, 172 AD2d 307, *lv denied* 78 NY2d 856), and we decline to consider it. Concur—Andrias, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.