■ SILBERSTEIN, AWAD & MIKLOS, P.C., Respondent, v ELLEN CARSON, Appellant, et al., Defendants. [780 NYS2d 910]—

In an action, inter alia, to recover damages for intentional tortious interference with contract, the defendant Ellen Carson appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered June 16, 2003, as, in effect, denied that branch of her motion which

was for leave to renew her prior motion for summary judgment dismissing the complaint insofar as asserted against her, and (2) so much of an amended order of the same court, entered July 29, 2003, as, in effect, upon renewal, adhered to the prior determination.

Ordered that the appeal from the order is dismissed, as that order was superseded by the amended order, made, in effect, upon renewal; and it is further,

Ordered that the amended order is reversed insofar as appealed from, on the law and as a matter of discretion, and, upon renewal, the motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the defendant Ellen Carson, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The Supreme Court improvidently adhered, on renewal, to its original denial of summary judgment which had been denied because the defendant Ellen Carson (hereinafter the defendant), a pro se litigant, improperly interposed an affirmation (*see* CPLR 2106). The original denial was made without prejudice to renewal on appropriate papers. When the defendant renewed with an affidavit in support of her motion, she complied with the court's condition for renewal. Thus, the court should have addressed the merits of the defendant's motion for summary judgment.

The defendant established her prima facie entitlement to summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The burden then shifted to the plaintiff to lay bare its proof to show that there was a triable issue of fact (*see Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609, 610 [1999]). In opposition, the plaintiff failed to submit evidence that the defendant used unlawful means to interfere with the contractual relationship between the plaintiff and the plaintiff's client (*see Wolf v National Council of Young Israel,* 264 AD2d 416, 417 [1999]), that the plaintiff conferred a benefit on the defendant for which it was not adequately compensated (*see Smith v Chase Manhattan Bank, USA, N.A.,* 293 AD2d 598, 600 [2002]), or that the defendant breached her fiduciary duty to the plaintiff by using confidential information acquired during her employment (*see Byrne v Barrett,* 268 NY 199 [1935]; *Walter Karl, Inc., v Wood,* 137 AD2d 22, 27-28 [1988]). Clients have an absolute right to discharge their attorneys with or without cause (*see Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457 [1989]; *Jacobson v Sassower,* 66 NY2d 991, 993 [1985]; *Solomon v Bartley,* 203 AD2d 449 [1994]).

Accordingly, there being no triable issues of fact, the defendant was entitled to summary judgment dismissing the complaint insofar as asserted against her. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.