■ JUDITH NICHOLS et al., on Behalf of Themselves and All Other Employees Similarly Situated, Appellants, v DIOCESE OF ROCHESTER, Respondent. (Appeal No. 1.) [838 NYS2d 457]—Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered June 1, 2004. The order, insofar as appealed from, granted in part defendant's motion for summary judgment dismissing the complaint.

ROCHESTER, Respondent. (Appeal No. 2.) [839 NYS2d 656]—Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered February 7, 2006. The order granted defendant's motion for summary judgment dismissing the 1st, 2nd and 11th causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the 1st, 2nd and 11th causes of action are reinstated.

Memorandum: Plaintiffs commenced this class action alleging that they were employees of defendant and that defendant had promised them a generous benefits package but never provided the benefits in full. The 11 causes of action in the complaint were for, inter alia, breach of contract, fraud, conversion, promissory estoppel, unjust enrichment, and violations of the Labor Law. Defendant moved for summary judgment dismissing the complaint on various grounds, and Supreme Court (Stander, J.) granted the motion with the exception of three causes of action. The court determined with respect to those three causes of action that there were issues of fact whether plaintiffs were employees of defendant or instead were employees of "specific parishes," and whether plaintiffs were denied benefits. In its bench decision, the court noted that "[a]ll of these denials are subject to issues of discovery." The court then stated, "We will set up a conference and set up a scheduling order."

Seventeen months after the court issued its bench decision, during a dispute over document exchanges and prior to conducting any depositions, defendant moved for summary judgment dismissing the three remaining causes of action. According to defendant, even if plaintiffs were its employees, they had been denied no benefits owed to them. Supreme Court (Fisher, J.) granted the motion.

With respect to the order in appeal No. 2, we conclude that Supreme Court (Fisher, J.) abused its discretion in granting defendant's second motion for summary judgment. In denying that part of the first motion with respect to three of the causes of action, Supreme Court (Stander, J.) specified that the denial with respect to those causes of action was conditioned upon discovery being conducted on a number of factual questions identified by the court, and it does not appear on the record before us that such discovery was conducted (*cf. Silberstein, Awad & Miklos, P.C. v Carson*, 10 AD3d 450, 451 [2004]). Nor was it proper for defendant to include new arguments and evidence in its reply papers, including material not in existence when defendant made its second motion and plaintiffs had

submitted their opposing papers. "Fragmented attacks upon a defense through multiple summary judgment motions are not permissible" (*Marine Midland Bank v Fisher*, 85 AD2d 905, 906 [1981]).

Finally, defendant's contentions concerning the computation of one plaintiff's personal days and the statute of limitations with respect to a portion of one of the three causes of action are raised for the first time on appeal and thus are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). "An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance" (*Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561, 561 [1986], *lv dismissed in part and denied in part* 68 NY2d 802 [1986]). Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.