██ EVA ZELDIN, as Assignee of MIKHAIL MARKMAN, Also Known as MIKHAIL MARKHAM, Appellant, v INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Respondent. [843 NYS2d 366]—

In an action, inter alia, to recover damages for a bad faith breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated April 28, 2003, which denied her motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 8, 1998 the plaintiff sustained serious personal injuries when she was a passenger in a vehicle owned and operated by Mikhail Markman, also known as Mikhail Markham. The plaintiff commenced an action to recover damages for personal injuries against Markman, who was insured by a policy issued to him by the defendant Interboro Mutual Indemnity Insurance Company (hereinafter Interboro). The applicable limit of the liability policy was $25,000. On August 5, 1999, after an inquest, the plaintiff obtained a default judgment against Markman in the sum of $2,024,657.53. Thereafter, Markman assigned all of his rights and claims against Interboro to the plaintiff. The plaintiff, as Markman's assignee, subsequently commenced this action against Interboro alleging, inter alia, that it committed a bad faith breach of contract by refusing to defend Markman in the underlying lawsuit.

"Where an insurance policy requires that notice of an occurrence be given promptly, notice must be given within a reasonable time in view of all of the facts and circumstances" (*Eagle Ins. Co. v Zuckerman*, 301 AD2d 493, 495 [2003]; *see Merchants*

*Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 801-802 [1982]; *Travelers Indem. Co. v Worthy*, 281 AD2d 411 [2001]). "Providing an insurer with timely notice of a potential claim is a condition precedent, and thus '[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy' " (*Sayed v Macari*, 296 AD2d 396, 397 [2002], quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). Insurance Law § 3420 (a) (3) provides that a notice of claim to an insurer may be made by the insured, the injured person, or any other claimant (*see Hazen v Otsego Mut. Fire Ins. Co.*, 286 AD2d 708, 709 [2001]; *Eveready Ins. Co. v Chavis*, 150 AD2d 332, 333 [1989]).

Here, although the plaintiff provided written notice to Interboro by letter dated June 1, 1998, it is undisputed that Markman wholly and inexcusably failed to notify Interboro of the accident in violation of the express requirements of the policy. Inasmuch as Markman failed to comply with the notice provisions of the policy, he, and therefore the plaintiff, who stands in his shoes for purposes of this action, is estopped from contending that Interboro improperly disclaimed coverage on that basis (*see Daus v Lumbermen's Mut. Cas. Co.*, 241 AD2d 665, 666 [1997]; *Pipoli v United States Fid. & Guar. Co.*, 38 AD2d 249 [1972]). Significantly, the plaintiff did not commence a declaratory judgment action against Interboro in her capacity as the injured party, seeking a declaration that Interboro was obligated to defend Markman (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 354-355 [2004]). As a result, any defenses that Interboro might have had against Markman were good as against the plaintiff (*see Long Is. Radiology v Allstate Ins. Co.*, 36 AD3d 763 [2007]; *Losner v Cashline, L.P.*, 303 AD2d 647, 648 [2003]).

The plaintiff's contention that the language of the policy required Interboro to show prejudice stemming from the lack of notice is raised for the first time on appeal, and thus, is not properly before this Court (*see Bender v Peerless Ins. Co.*, 36 AD3d 1120, 1121 [2007]).

In light of our determination, the plaintiff's remaining contentions have been rendered academic. Accordingly, the Supreme Court properly granted Interboro's cross motion for summary judgment dismissing the complaint and denied the plaintiff's motion for summary judgment on the complaint. Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.