Order, Supreme Court, New York County (Debra A. James, J.), entered February 3, 2009, which granted defendant Tower Insurance Company’s motion for summary judgment dismissing the complaint, affirmed, without costs.
Plaintiffs were injured when struck by an employee of Navana Restaurant, Inc., who was making deliveries on a bicycle. Plaintiffs commenced a personal injury action against Navana, who was insured under a policy issued by Tower. Tower brought a declaratory judgment action against Navana to confirm the propriety of its disclaimer of coverage, and the court granted Tower summary judgment on the grounds that Navana’s delay in notifying Tower of the occurrence was not reasonably excusable, thereby relieving Tower of the duty to defend and indemnify Navana in the underlying action.
Plaintiffs obtained a judgment in the personal injury action against Navana and proceeded to bring a direct action against Tower as injured parties suing under Insurance Law § 3420 (b) (1). In that action, the motion court granted summary judgment to plaintiffs, holding that they gave Tower proper notice of the accident. Tower appealed, and this Court affirmed (39 AD3d 435 [2007], lv denied 9 NY3d 808 [2007]).
Thereafter, Navana assigned all of its rights and claims against Tower to plaintiffs, who, as Navana’s assignees, commenced this action based upon claims that Tower refused to settle the personal injury action within the policy limits in bad faith.
*884 The motion court properly granted Tower’s motion and dismissed the bad-faith claims. Given that Navana failed to comply with the notice provisions of the pblicy at issue, it would be estopped from contending that Tower improperly refused to settle the underlying personal injury action within the applicable policy limits. As Navana’s assignees, plaintiffs are now suing upon a claim which is subject to the same defenses Tower could have asserted against Navana (see e.g. Madison Liquidity Invs. 119, LLC v Griffith, 57 AD3d 438, 440 [2008]). For example, Zeldin v Interboro Mut. Indent. Ins. Co. (44 AD3d 652 [2007]) involves an action brought by claimant/assignee standing in the shoes of an insured who had inexcusably failed to notify the carrier of the underlying accident. The Court held that the insurer’s defenses against the insured were good as against the claimant (id. at 653; see also Daus v Lumbermen’s Mut. Cas. Co., 241 AD2d 665, 666 [1997], lv denied 90 NY2d 812 [1997]). We disagree with the dissent’s view that Zeldin should be distinguished because the assignee in that case, unlike plaintiffs in this action, did not bring a separate declaratory action against the insurer. That factor is of no moment because plaintiffs in this action are suing solely in their capacity as assignees. Therefore, their status is unaffected by their prior declaratory judgment action against Tower. “[A]n assignee never stands in any better position than his assignor” (Madison Liquidity Invs. 119, LLC, 57 AD3d at 440 [internal quotation marks and citations omitted]). We further disagree with the dissent’s position that Zeldin is distinguishable because plaintiffs in this case are relying on their own notice to Tower as opposed to notice provided by Navana, the insured. “The obligation of the injured party to protect his interests by seeing that proper notification is given to the wrongdoer’s carrier is independent of the contractual duties of the insured” (Agway Ins. v Alvarez, 258 AD2d 487, 488 [1999]).
Furthermore, plaintiffs’ failure to litigate the bad faith claims in the Insurance Law § 3420 action against Tower bars litigation of those claims in this action, as both sets of claims arise from the same series of transactions (see generally O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Concur—Andrias, J.P., Nardelli, DeGrasse and Manzanet-Daniels, JJ.
Catterson, J., dissents in a memorandum as follows: Because I believe that the plaintiffs, as injured parties in a motor vehicle accident, have standing to pursue a bad faith claim against the insurer, I respectfully dissent.
Tower and the majority rely on Zeldin v Interboro Mut. Indem. Ins. Co. (44 AD3d 652 [2d Dept 2007]) for the proposition that *885 plaintiffs stand in the shoes of the underlying insured Navana and are thus estopped from asserting a bad faith claim against the insurer. This is a misreading of the import of Zeldin.
In Zeldin, the plaintiff was injured while a passenger in the car of the insured Markman; she sued Markman and obtained a default judgment for over $2 million. At the time of the accident, Markman had a $25,000 liability policy with Interboro, but he failed to timely notify Interboro of the claim pursuant to the terms of the policy. Markman ultimately assigned his claim against Interboro to the plaintiff. The plaintiff then commenced a bad faith action against Interboro. The Second Department, as the majority correctly recognized, held that the plaintiff, who stood in Markman’s shoes, could not contend that the disclaimer was improper. (44 AD3d at 653.)
However, more importantly for purposes of the instant case, the Zeldin court went on to hold: “Significantly, the plaintiff did not commence a declaratory judgment action against Interboro in her capacity as the injured party, seeking a declaration that Interboro was obligated to defend Markman . . . As a result, any defenses that Interboro might have had against Markman were good as against the plaintiff.” (Id.) The exact opposite is true in this case. Plaintiffs succeeded on their declaratory judgment claim both in the trial court and on the prior appeal in this Court. (See drone v Tower Ins. Co. of N.Y., 39 AD3d 435 [1st Dept 2007], lv denied 9 NY3d 808 [2007].) The holding in Zeldin is therefore favorable to plaintiffs’ position.
Before the motion court and in their briefs to this Court, plaintiffs pointed out that Tower failed to pay the judgment both before and after the entry of Justice Karen S. Smith’s decision in the underlying action and that Tower’s counsel’s attempt to negotiate a judgment two times higher than the policy limits showed further evidence of bad faith. Thus, plaintiffs were not seeking to relitigate the declaratory judgment action between Tower and its insured, but rather to obtain recovery for the amount Navana was exposed to because of Tower’s disregard of its duties to its insured even after it was established that Tower had to perform under the policy because the plaintiffs gave timely notice.
In my view, this case is significantly distinguishable from the facts of Zeldin because the plaintiffs are not relying on notice provided by the insured, Navana, but rather their own timely notice. Therefore, the bad faith claim is not barred by the rationale of Zeldin.