■ ALBANY ENGINEERING CORPORATION, Respondent, v HUDSON RIVER/BLACK RIVER REGULATING DISTRICT, Appellant. [973 NYS2d 391]—

---

Rose, J.P. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered April 13, 2012 in Albany County, which, among other things, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff is the owner of a hydropower plant on the Hudson River, and defendant is a public benefit corporation that operates and maintains upstream dams and reservoirs for the purpose of regulating the river's flow. Pursuant to state law, defendant has, since the 1920s, levied annual assessments against plaintiff and its predecessors, among others, to recover its capital, maintenance and operating costs (*see e.g.* ECL 15-2121). In 2002, defendant obtained a license from the Federal Energy Regulatory Commission (hereinafter FERC) for its Great Sacandaga Lake Storage Project, a major reservoir and dam impounding certain headwaters of the Hudson River. Despite becoming a licensee of FERC, defendant continued to employ the state assessment scheme to assess downstream entities such as plaintiff for its costs in connection with the Great Sacandaga Lake Storage Project. Claiming that the assessments imposed by defendant conflicted with the Federal Power Act, plaintiff initiated a proceeding before FERC in 2006. Ultimately, the United States Court of Appeals for the District of Columbia Circuit agreed with plaintiff that the Federal Power Act preempted state law and precluded defendant from recovering any of its costs that conflicted with the federal assessment scheme administered by FERC (*Albany Eng'g Corp. v Federal Energy Regulatory Commn.*, 548 F3d 1071, 1076-1079 [2008]).

On remand from the Circuit Court, FERC concluded that it did not have authority to order defendant to refund the precluded assessments and ultimately ordered a headwater benefits investigation to determine, among other things, the appropriate amount of assessments that defendant should have imposed for the years in question under the Federal Power Act. FERC also concluded that it would consider applying the improper assessments as a credit in determining the assessments owed by plaintiff in the future and indicated that, in the alternative, plaintiff was free to seek a refund in state court based on the Circuit Court's determination that the assessments were unauthorized.

Plaintiff then commenced this action for a full refund of the assessments it had paid to defendant pursuant to state law for 2003 through 2007, arguing that they had been judicially determined to be unauthorized and, therefore, defendant had been unjustly enriched. Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved, claiming that the action was unripe and premature given the ongoing administrative proceedings before FERC and the unresolved headwater benefits investigation. Supreme Court denied defendant's cross motion and granted plaintiff's motion, ordering that plaintiff was entitled to a judgment on the full amount requested of $516,655.62, plus interest. A judgment was entered and defendant appeals from the order and judgment.*

On appeal, defendant makes none of the arguments raised in connection with the motions before Supreme Court. Instead, defendant now argues that plaintiff failed to state a cause of action for a refund by failing to allege that it paid the unauthorized assessments under protest. However, "[a]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had they been presented at the trial [level]" (*Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342, 349 [1955]; *see Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359 [2003]). By raising this issue for the first time on appeal, defendant has deprived plaintiff of the opportunity to provide evidence of any protest. The issue is, therefore, not properly before us, and we decline to consider it (*see* CPLR 5501 [a] [3]; *Kamp v Fiumera*, 69 AD3d 1168, 1170 [2010]; *Bender v Peerless Ins. Co.*, 36 AD3d 1120, 1121 [2007]; *Healthcare Capital Mgt. v Abrahams*, 300 AD2d 108, 109 [2002]; *Vitale v Fowler Oil Co.*, 238 AD2d 794, 795 [1997]; *see also McLearn v Cowen & Co.*, 60 NY2d 686, 688-689 [1983]; *Zeldin v Interboro Mut. Indem. Ins. Co.*, 44 AD3d 652, 653 [2007]). Similarly, defendant's contention that equity does not support a finding of unjust enrichment is also fact-intensive and, as such, it too was required to be raised before

---

* While there is no dispute that the notice of appeal from the final judgment was timely filed and served, it did not bring the final order up for review (*see* CPLR 5501 [a] [1]; *see e.g. Burke v Crosson*, 85 NY2d 10, 15 [1995]; *Shah v State of New York*, 212 AD2d 876, 877 [1995]). Although the affidavit of service in the record reflects that defendant timely served the notice of appeal from the final order on May 22, 2013, 35 days after service of notice of entry by regular mail (*see* CPLR 2103 [b] [2]; 5513 [a]; General Construction Law § 20), there is no indication in the record that this notice of appeal was timely filed. In the absence of any prejudice to plaintiff, however, we excuse the presumably late filing (*see* CPLR 5520 [a]; *see e.g. Peck v Ernst Bros.*, 81 AD2d 940, 941 [1981]; *Messner v Messner*, 42 AD2d 889, 890 [1973]).

Supreme Court in order to be preserved for appellate review (*see e.g. Matter of Lee v Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Educ. Servs.*, 69 AD3d 1289, 1291 [2010]; *Savage v Desantis*, 56 AD3d 1013, 1015 [2008], *lv denied* 12 NY3d 709 [2009]; *Capitaland United Soccer Club v Capital Dist. Sports & Entertainment*, 199 AD2d 626, 629 [1993]).

Also unpreserved is defendant's alternative argument that the action is time-barred (*see Matter of Steele*, 85 AD3d 1375, 1376 [2011]; *Matter of LaBarbera v Town of Woodstock*, 55 AD3d 1093, 1094 [2008]). Although listed as an affirmative defense in the answer, defendant did not pursue dismissal of the action on this ground (*see Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp.*, 277 AD2d 782, 783 [2000], *lv denied* 96 NY2d 708 [2001]; *compare Matter of McDonald v Board of the Hudson Riv.-Black Riv. Regulating Dist.*, 86 AD3d 844, 846 [2011] [affirmative defense preserved in the context of CPLR article 78 proceeding because it was asserted in the respondent's only submission to the trial court]). Nor is this an issue of law that may be addressed for the first time on appeal, as plaintiff responds that it would be entitled to a toll of the statute of limitations based on the ongoing administrative proceedings and we must agree that the question of whether a statute of limitations is tolled raises factual issues (*see e.g. Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 769 [2012]; *LPP Mtge. Ltd. v Gold*, 44 AD3d 718, 719 [2007]). Inasmuch as there are steps that plaintiff might have taken to counter the statute of limitations defense if it had been raised before Supreme Court, the issue is not properly before us and, again, we decline to consider it (*see First Intl. Bank of Israel v Blankstein & Son*, 59 NY2d 436, 447 [1983]; *Telaro v Telaro*, 25 NY2d 433, 439 [1969]; *Nichols v Diocese of Rochester*, 42 AD3d 903, 905 [2007]; *Matter of Town of Minerva v Essex County Indus. Dev. Agency*, 173 AD2d 1054, 1055 [1991], *lv denied* 78 NY2d 857 [1991]).

We do agree, however, that the matter should be remitted to Supreme Court to determine defendant's entitlement to an offset of the amount owed based on the outcome of the headwaters benefit investigation completed by FERC. This argument was preserved for review by defendant's claim that plaintiff's summary judgment motion was premature given the impending determination by FERC setting the allowable assessment amounts. We take judicial notice of the fact that, after Supreme Court's order, FERC issued an order determining headwater benefits that included a corrected calculation of plaintiff's authorized annual headwater benefits assessments

for the years at issue here (*see e.g. Matter of Town of Amsterdam v Amsterdam Indus. Dev. Agency*, 95 AD3d 1539, 1540 n 2 [2012]). As a matter of judicial economy, the determination of whether plaintiff's recovery should be offset by the allowable assessment amounts for those years should be made in the context of this action.

Spain, Garry and Egan Jr., JJ., concur. Ordered that the order and judgment are modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff $516,655.62, plus interest; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. **[Prior Case History: 2012 NY Slip Op 30814(U).]**