Michael M. v Cummiskey (2019 NY Slip Op 09210)





Michael M. v Cummiskey


2019 NY Slip Op 09210


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, AND WINSLOW, JJ.


1255 CA 19-00763

[*1]MICHAEL M., PLAINTIFF-APPELLANT,
v
AMY CUMMISKEY, JULIE CURTIS, MID-ERIE COUNSELING AND TREATMENT SERVICES, KEN DUSZYNSKI, KEVIN BURGOYNE, CALLEN FISHMAN, NAOMI J. FREEMAN, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 






LOUIS ROSADO, BUFFALO, FOR PLAINTIFF-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR DEFENDANTS-RESPONDENTS AMY CUMMISKEY, KEVIN BURGOYNE, CALLEN FISHMAN, AND NAOMI J. FREEMAN. 
BARCLAY DAMON LLP, ROCHESTER (SANJEEV DEVABHAKTHUNI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS JULIE CURTIS, MID-ERIE COUNSELING AND TREATMENT SERVICES AND KEN DUSZYNSKI. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered September 24, 2018. The order granted the motion of defendants Amy Cummiskey, Kevin Burgoyne, Callen Fishman and Naomi J. Freeman and the cross motion of defendants Julie Curtis, Mid-Erie Counseling and Treatment Services and Ken Duszynski to dismiss the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff is a sex offender who was civilly confined to a secure treatment facility pursuant to Mental Hygiene Law article 10. In December 2014, the Court of Appeals reversed the determination that plaintiff was a dangerous sex offender requiring confinement, and remitted the matter to Supreme Court for further proceedings (Matter of State of New York v Michael M., 24 NY3d 649, 660 [2014]). Upon remittal, plaintiff was released from confinement, and he commenced this action on January 4, 2018, seeking damages arising from his allegedly unlawfully confinement. He appeals from an order granting the respective motion of defendants Amy Cummiskey, Kevin Burgoyne, Callen Fishman and Naomi J. Freeman and cross motion of defendants Julie Curtis, Mid-Erie Counseling and Treatment Services and Ken Duszynski to dismiss the amended complaint against them. We affirm.
Contrary to plaintiff's contention, Supreme Court properly dismissed the cause of action for false imprisonment. That cause of action, which has a one-year statute of limitations (see CPLR 215 [3]), accrued when plaintiff was released from confinement on January 5, 2015 (see Brownell v LeClaire, 96 AD3d 1336, 1337 [3d Dept 2012]; Dailey v Smiley, 65 AD2d 915, 915 [4th Dept 1978]). Consequently, that cause of action was untimely commenced on January 4, 2018.
Plaintiff contended in the motion court that the remaining causes of action, all of which had either one-year or three-year statutes of limitations (see generally CPLR 214 [5]; 215 [3]; Owens v Okure, 488 US 235, 251 [1989]), accrued on December 17, 2014, and thus the court properly concluded that they were untimely as well. Plaintiff's current contention that those causes of action accrued at a later date within the three-year limitations period is raised for the [*2]first time on appeal and thus is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]). " An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance' " (Nichols v Diocese of Rochester [appeal No. 2], 42 AD3d 903, 905 [4th Dept 2007]). Plaintiff's additional contention that the limitations periods were tolled by CPLR 208 is also raised for the first time on appeal, and thus that contention is also not properly before us (see Ciesinski, 202 AD2d at 985).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court