■ In the Matter of TRI-VILLAGE PUBLISHERS, INC., Doing Business as COURIER-STANDARD-ENTERPRISE, et al., Appellants, v ST. JOHNSVILLE BOARD OF EDUCATION, Respondent. — Mahoney, P. J.

On January 18, 1984, respondent decided to accept the resignation of the then superintendent of schools. The decision was reached during an executive session of the regularly scheduled meeting. Four of respondent's five members were present, and one member, Donald Klemme, abstained from the vote. Klemme, along with the *Courier-Standard-Enterprise,* a newspaper of general circulation in Montgomery County, commenced this CPLR article 78 proceeding pursuant to Public Officers Law § 107 seeking to set aside respondent's decision on the ground that it had violated the Open Meetings Law (Public Officers Law art 7). Specifically, petitioners alleged that a quorum of respondent met privately prior to the January 18 meeting and decided the matter in a nonpublic setting without notice. Respondent's answer included affidavits of certain members admitting that, on several occasions prior to the scheduled meeting, members of respondent had met privately to discuss this matter. However, at none of these meetings were more than two members present. Three of the five members must meet to constitute a quorum (General Construction Law § 41). Special Term dismissed the proceeding on the ground that there was never a quorum present at the private meetings, nor was there any apparent effort to deliberately evade the requirements of the Open Meetings Law. Petitioners now appeal from the judgment entered on Special Term's decision.

The Open Meetings Law provides that, except for executive sessions, "[e]very meeting of a public body shall be open to the general public" (Public Officers Law § 103 [a]). The term "meeting" is defined as "the official convening of a public body for the purpose of conducting public business" (Public Officers Law § 102 [1]). The statute does not apply only to formal or regular meetings, but to any gathering or meeting of a quorum of a public body for the purpose of transacting public business (*Matter of Orange County Pub. v Council of City of Newburgh,* 60 AD2d 409, *affd* 45 NY2d 947). There is no dispute that respondent herein is a public body. The dispute is over the form of the private meetings held prior to respondent's regular meeting.

It has been held that, in order for a gathering of members of a public body to constitute a "meeting" for purposes of the Open Meetings Law, a quorum must be present (*Matter of Britt v County of Niagara,* 82 AD2d 65, 68-69). In the instant case, there was never a quorum present at any of the private meetings

prior to the regular meeting. Thus, none of these constituted a "meeting" which was required to be conducted in public pursuant to the Open Meetings Law.

We recognize that a series of less-than-quorum meetings on a particular subject which together involve at least a quorum of the public body could be used by a public body to thwart the purposes of the Open Meetings Law (*see,* Comment, *New York Open Meetings Law: A Critical Evaluation,* 41 Alb L Rev 329, 335-337 [1977]). However, as noted by Special Term, the record in this case contains no evidence to indicate that the members of respondent engaged in any attempt to evade the requirements of the Open Meetings Law. Indeed, the issue before respondent was one which could have been, and eventually was, the subject of an executive session which would be closed to the public (Public Officers Law § 105 [1] [f]).

Judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ.