OPINION OF THE COURT
Henry G. Gossel, J.
This matter comes before the court on the return of a show cause order, signed by Justice Thomas P. Flaherty of this court and by which order the respondent, the Buffalo Municipal Housing Authority, is ordered to show cause why an order should not be granted directing the respondent to comply with the provisions of the Open Meetings Law, including, but not limited to, permitting public attendance at all meetings of the respondent, giving proper notice of such meetings and scheduling executive sessions only after following the appropriate procedures of the Open Meetings Law; enjoining the respon *156 dent from holding secret meetings in the future; and awarding the petitioner costs, disbursements and reasonable attorney’s fees.
The issues were argued on the return date, December 8, 1986 and the respondent’s brief was duly received by the court on December 16, 1986.
On argument the parties agreed that the question concerning the executive sessions need not be addressed by the court since the respondent agreed to correct the manner in which it went into executive sessions, complying thereafter with the provisions of Public Officers Law § 105.
The petitioner is the Buffalo Evening News, Inc., a domestic corporation which publishes The Buffalo News, a daily newspaper serving all of the western New York area, and has offices at One News Plaza, Buffalo, New York.
The petition complains that the actions of the respondent in refusing to permit petitioner’s reporter to attend premeetings which are closed and not open to the public although respondent convenes such meeting (the premeeting) the day before the regularly scheduled monthly meeting for the purpose of discussing the agenda for the next day, inviting all members and has a quorum present, gives no notice thereof of the premeeting’s time and place to the public, and compiles no written minutes thereof that can be made available to the public, although motions, proposals, resolutions and other public matters on the agenda are argued, acted and noted upon therein.
In opposition, the counsel for the respondent on his personal knowledge avers that a "work session” or "agenda meeting” did occur on November 19, 1986, that he was present for the duration of that premeeting, and that for that entire meeting there was not a quorum present since only 3 of the 7 members of the Board of Commissioners were present. Counsel submits, therefore, that since less than a quorum was present, the meeting was not subject to the Open Meetings Law.
On argument, counsel for the parties agreed that a hearing would not be necessary and that they prefer, on their respective submissions, the court’s decision at the earliest opportunity.
In Matter of Orange County Pub. v Council of City of Newburgh (60 AD2d 409, 419, affd 45 NY2d 947 [on opn of Rabin, J., of App Div]), the courts were specific in stating that the word "meeting” as set forth in Public Officers Law § 98 *157 (renum § 103) "includes the gathering or meeting of a public body for the purpose of transacting public business, whenever a quorum is present, whether or not a vote of members of the public body is taken.” Likewise, in Matter of Oneonta Star Div. of Ottaway Newspapers v Board of Trustees (66 AD2d 51), while dealing with a question of sufficiency of pleadings pursuant to CPLR 3211, the court discussed an allegation wherein it was alleged that a quorum of the Board was present at the meeting in question. In both cases, therefore, there is not a question of a quorum being there or not being there. There were quorums. Therefore, these cases are not determinative of the case before this court.
Whether there is a violation of the Open Meetings Law is determined by the attendance of a sufficient number of the members of the Board to make a quorum. Lacking a quorum there is no violation. (Orange County Pub. v Council of City of Newburgh, supra; Matter of Tri-Village Publishers v St. Johnsville Bd. of Educ., 110 AD2d 932, 933; Matter of Britt v County of Niagara, 82 AD2d 65, 68.)
Since respondent’s counsel was present at the particular meeting discussed, it is undisputed that a quorum was lacking since contrary allegations of the petitioner are based on information and belief.
Respondent further submits in his unsworn statement of facts that three members of the Board of Commissioners have decided to regularly conduct the "work sessions” prior to the regular meeting. These earlier sessions are held so that the members may ask staff advice about any questions they may have with respect to items on the upcoming agenda.
The exact mechanics of these sessions regarding any notice thereof, or to whom sent (if any) and whether any notice is sent or conveyed to all the members, or a quorum thereof, have gone unanswered by the submission to the court, however, to accommodate counsels’ request for a timely decision, it is hereby determined that the past "work sessions” as submitted are not covered by the statute in question since a quorum was lacking with but three members in attendance.
Since the particular three-member meeting has been submitted as the regular "work session” the court will not interfere therewith, however, any expansion of this triumvirate to a quorum status will effectually escalate the session to a meeting of the status covered by the statute. Any change or expansion of the agreement to hold such session, or any *158 expansion of the notice or invitation to attend such sessions shall be invalid since it would necessarily involve at least a quorum in number and, therefore, would be covered by the Open Meetings Law. The commission members, upon reaching a quorum status in any way, whether by design or otherwise, or if a notice of the session is given to all the members of a quorum thereof, whether written or otherwise, are ordered to immediately abandon the session or the planning of the session and cease and desist from further considering thereat the items it planned to discuss or to consider.
Naturally, any expansion of the work session can proceed if the meeting is properly noticed and proceeds in compliance with the Open Meetings Law.
Further, despite the lack of evidence of either the exact mechanics of the planning or procedure of the work sessions in question, the court by the exhortation of counsel for a swift decision was persuaded to address the matter without a full hearing, and can do this since the paramount question regarding the sessions, past or future, is that of quorum status, which is the particular and determining factor. Once quorum status is planned or actually obtained, the session or meeting is automatically covered by the applicable section of the Public Officers Law and brings to mind the defined procedures therein and the general purpose of the law as is stated in Public Officers Law § 100.
"§ 100. Legislative declaration
"It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy. The people must be able to remain informed if they are to retain control over those who are their public servants. It is the only climate under which the commonweal will prosper and enable the government process to operate for the benefit of those who created it.”
Counsel for the petitioner, on written notice, will submit an appropriate order complying herewith and include the stipulated items of agreement regarding the respondent’s future compliance with the procedures regarding the executive sessions. No costs, disbursements or attorney fees are ordered.