Lahtinen, J.
Appeal from a judgment of the Supreme Court (McGrath, J.), entered August 22, 2011 in Columbia County, which dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially granting petitioners’ request for several area variances.
Petitioners own 130 acres of real property adjacent to Copake Lake in the Town of Copake, Columbia County, including a 4V2-acre island in the lake known as Mosquito Island. They sought to divide the property into eight lots comprised of one 63-acre parcel with an existing conservation easement and no buildings, a parcel where they currently reside, and six residential building lots. One of the building lots (proposed lot six) included Mosquito Island as well as five acres on the mainland across a small channel from Mosquito Island. The plan for lot six was to *1092 construct a bridge to the island so that a house could be built there, and to include a septic system that would pump effluent off the island via a pipe along the bridge to a place on the mainland more than 150 feet from the lake. Petitioners also sought to put five docks on the lake within about 100 feet of the proposed bridge that would be a common area for the owners in the development.
The Zoning Code of the Town of Copake prohibited any development within 100 feet of the lake as well as the placement of a septic tank or tile field within 150 feet of the lake. Several area variances were thus necessary to construct the proposed project. Petitioners applied to respondent for variances to, among other things, construct a road and bridge connecting Mosquito Island to the mainland, place utilities and a septic pipe along that route, and install removable docks for the owners of the mainland lots and a walkway to access them. Following a public hearing, respondent denied petitioners’ application with regard to the variances for lot six, including the proposed bridge and septic pipe. However, respondent approved an area variance for the common area walkway and docks, subject to the conditions that only three docks be constructed and that they be placed no closer than 180 feet from the mainland portion of lot six. Petitioners then commenced this CPLR article 78 proceeding and, after joinder of issue, Supreme Court dismissed the petition. Petitioners appeal.
Initially, we are unpersuaded by petitioners’ contention that respondent violated the Open Meetings Law (see Public Officers Law art 7). Between the close of the public hearing and the public meeting the following month at which a determination was made, respondent’s counsel communicated individually with respondent’s members and prepared a draft written determination. At the public meeting, respondent reviewed the proposed draft, made changes and ultimately made a determination. There is no evidence that a quorum of respondent’s members met or consulted with its counsel outside a public meeting and, accordingly, the Open Meetings Law was not violated (see Public Officers Law §§ 102 [1], [2]; 103 [a]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 777-778 [2005], appeal dismissed 6 NY3d 890 [2006], lv denied 7 NY3d 708 [2006]; Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y., 231 AD2d 284, 290-291 [1997]).
Petitioners argue that the record does not support respondent’s denial of area variances related to lot six. When addressing an application for an area variance, a zoning board of appeals is statutorily required to weigh the benefit to the applicant *1093 against the detriment to the community and also to consider the following factors: “(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created” (Town Law § 267-b [3]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612-613 [2004]; Matter of Mary T. Probst Family Trust v Zoning Bd. of Appeals of Town of Horicon, 79 AD3d 1427, 1428 [2010], lv denied 16 NY3d 708 [2011]). “[L]ocal zoning boards have broad discretion in considering applications for area variances and . . . [c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure” (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613). Our review is limited, and the fact that we might have decided the application differently is of no moment (see Matter of Cowan v Kern, 41 NY2d 591, 599 [1977]; Matter of Smelyansky v Zoning Bd. of Appeals of the Town of Bethlehem, 83 AD3d 1267, 1268 [2011]).
Respondent made detailed findings, addressed each of the statutory factors and engaged in the requisite weighing of benefits versus detriments. Among other things, respondent found that a bridge over the channel would prevent various longstanding recreational uses through that portion of the lake; a home in full compliance with the pertinent setback requirements could be placed on the mainland section of lot six (rather than on the island as proposed); the sought-after variances were substantial since they resulted in construction to the water’s edge and across water in full disregard of setback requirements; and several significant environmental concerns were identified ranging from sand and salt in the wetlands as a result of winter road treatment to potential pollution from a failure of the proposed elaborate piping/pumping accompanying a septic system on the island. The record reflects that respondent sufficiently considered and weighed the pertinent factors in reaching a decision that is not arbitrary or an abuse of its discretion.
Lastly, petitioners assert that respondent imposed improper conditions upon granting the variance for the docks. Respon *1094 dent conditioned the variance by limiting the number of docks to three (rather than the five requested) and requiring that the docks be at least 180 feet from the narrow channel. These conditions minimized the impact and interference on the lake caused by the docks. Since these were reasonable conditions that were related to the underlying purpose of the zoning code (see Town Law § 267-b [4]; Matter of Zupa v Zoning Bd. of Appeals of Town of Southold, 31 AD3d 570, 571 [2006]), it was not improper for respondent to impose them.
Mercure, J.E, Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.