■ In the Matter of GEDNEY ASSOCIATION et al., Appellants, v CITY OF WHITE PLAINS et al., Respondents. [48 NYS3d 177]—

In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the Common Council of the City of White Plains dated December 19, 2013, adopting a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8), and action for declaratory relief, the petitioners/plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Lefkowitz, J.),

entered November 3, 2014, as denied so much of the petition/complaint as sought to annul the resolution based on alleged violations of the Open Meetings Law (Public Officers Law § 100 *et seq.*), and dismissed that portion of the proceeding/action.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied so much of the petition/complaint, and dismissed so much of the proceeding/action, as sought to annul, based upon an alleged violation of the Open Meetings Law (Public Officers Law § 100 *et seq.*), a resolution of the Common Council of the City of White Plains (hereinafter the Common Council) dated December 19, 2013, adopting a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8). "In enacting the Open Meetings Law, the Legislature sought to ensure that 'public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy' " (*Matter of Perez v City Univ. of N.Y.*, 5 NY3d 522, 528 [2005], quoting Public Officers Law § 100). The term "[m]eeting" is defined as "the official convening of a public body for the purpose of conducting public business" (Public Officers Law § 102 [1]). "The statute does not apply only to formal or regular meetings, but to any gathering or meeting of a quorum of a public body for the purpose of transacting public business" (*Matter of Tri-Village Publs. v St. Johnsville Bd. of Educ.*, 110 AD2d 932, 933 [1985]; *see* Public Officers Law § 102 [2]).

Here, the petitioners/plaintiffs failed to support their allegations that revisions to a draft findings statement which were made between a noticed public meeting held on December 9, 2013, and a noticed public meeting held on December 19, 2013, violated the Open Meetings Law. The evidence demonstrates that the revisions were based upon discussions between members of the Common Council, individually, and the Corporation Counsel for the City, that no quorum of the Common Council was present at the time of these discussions, and that the revisions to the draft findings statement were posted on the website for the City in advance of the December 19, 2013, public meeting. A quorum of the Common Council thereafter convened at the scheduled public meeting held on December 19, 2013, and publicly voted upon the resolution adopting the findings statement. Accordingly, no violation of

the Open Meetings Law occurred (*see* Public Officers Law § 102 [1]; *Matter of Braunstein v Board of Zoning Appeals of the Town of Copake*, 100 AD3d 1091, 1092 [2012]; *Matter of Tri-Village Publs. v St. Johnsville Bd. of Educ.*, 110 AD2d at 933-934). Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.