■ In the Matter of HAVERSTRAW OWNERS PROFESSIONALS AND ENTREPRENEURS ("H.O.P.E.") et al., Appellants, v TOWN OF RAMAPO ZONING BOARD OF APPEALS, by CHARLENE WEAVER, as Chairperson, Respondent. MT. IVY PARTNERS, LLC, Nonparty Respondent. [56 NYS3d 347]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Ramapo Zoning Board of Appeals dated October 25, 2012, which, after a hearing, granted the application of Mt. Ivy Partners, LLC, for several area variances, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Loehr, J.), dated March 31, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

At a public meeting held on October 25, 2012, the Town of Ramapo Zoning Board of Appeals (hereinafter the Board), after two public hearings, adopted a resolution granting the application of Mt. Ivy Partners, LLC (hereinafter Mt. Ivy), for several area variances. Thereafter, the petitioners commenced this proceeding pursuant to CPLR article 78 to review the determination, alleging that because there was no public discussion, deliberation, or consideration by the Board at the meeting before it adopted the proposed resolution, the Board violated the Open Meetings Law (*see* Public Officers Law § 100 *et seq.*).

The Supreme Court properly denied the petition and dismissed the proceeding. "In enacting the Open Meetings Law, the Legislature sought to ensure that 'public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy' " (*Matter of Perez v City Univ. of N.Y.*, 5 NY3d 522, 528 [2005], quoting Public Officers Law § 100). The term "Meeting" is defined as "the official convening of a public body for the purpose of conducting public business" (Public Officers Law § 102 [1]). "The statute does not apply only to formal or regular meetings, but to any gathering or meeting of a quorum of a public body for the purpose of transacting public business" (*Matter of Tri-Village Publs. v St. Johnsville Bd. of Educ.*, 110 AD2d 932, 933 [1985]; *see* Public Officers Law § 102 [2]).

The petitioners failed to satisfy their burden of establishing that the Board violated the Open Meetings Law in adopting the October 25, 2012, resolution granting Mt. Ivy's application for area variances (*see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 777 [2005]; *Matter of Ramapo Home-owners Assn. v Town of Ramapo*, 2 AD3d 529 [2003]; *Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency*, 224 AD2d 15, 30 [1996]). The Board conducted two public hearings on the subject of the area variances. Between the close of the public hearing and the next public meeting at which the subject determination was made, the Board's counsel prepared a draft written determination. At the public meeting on October 25, the Board considered the proposed draft and ultimately made a determination. The petitioners do not allege or present any evidence that a quorum met or consulted with its counsel outside of a public meeting, or that these discussions, if any, were part of an effort to thwart public scrutiny of their process in deliberate violation of the Open Meetings Law (*see Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y.*, 231 AD2d 284, 290-291 [1997]; *Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency*, 224 AD2d at 30). Accordingly, no violation of the Open Meetings Law occurred (*see* Public Officers Law § 102 [1]; *Matter of Gedney Assn. v City of White Plains*, 147 AD3d 938, 938 [2017]; *Matter of Braunstein v Board of Zoning Appeals of the Town of Copake*, 100 AD3d 1091 [2012]; *Matter of Tri-Village Publs. v St. Johnsville Bd. of Educ.*, 110 AD2d 932 [1985]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.