Matter of Boyd v Brooklyn Community Bd. 9 (2021 NY Slip Op 02519)





Matter of Boyd v Brooklyn Community Bd. 9


2021 NY Slip Op 02519


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-04060
 (Index No. 1835/16)

[*1]In the Matter of Alicia Boyd, et al., appellants, 
v
Brooklyn Community Board 9, et al., respondents. Alicia Boyd, Brooklyn, NY, appellant pro se.


James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated October 24, 2017. The order and judgment, insofar as appealed from, granted those branches of the cross motion of the respondents/defendants which were pursuant to CPLR 3211(a) to dismiss the third, sixth, eighth, and ninth causes of action and certain portions of the first, fifth, and seventh causes of action, and dismissed the third, sixth, eighth, and ninth causes of action and certain portions of the first, fifth, and seventh causes of action.
ORDERED that on the Court's own motion, the appeal insofar as taken by the petitioners/plaintiffs Pamela Yard and Janine Nichols is dismissed, on the ground that the petitioner/plaintiff Alicia Boyd did not have the authority to take an appeal on their behalf (see Whitehead v Town House Equities, Ltd., 8 AD3d 369); and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from by the petitioner/plaintiff Alicia Boyd, and it is further,
ORDERED that one bill of costs is awarded to the respondents/defendants.
The petitioner/plaintiff Alicia Boyd (hereinafter the petitioner) and two others commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for certain declaratory relief against Brooklyn Community Board 9 (hereinafter the Board), five Board members, and the New York City Department of City Planning Brooklyn (hereinafter collectively the respondents). In the amended petition/complaint, the petitioner alleged, inter alia, that several members of the Board secretly convened in violation of the Open Meetings Law to draft a letter requesting that the New York City Department of City Planning conduct a study of a proposal to rezone Empire Boulevard in Brooklyn. She further alleged, among other things, that the Board unlawfully prevented members of the public from serving on committees and from participating at committee meetings and that several Board and committee appointments were not legal.
The petitioner moved pursuant to CPLR 408 to compel certain discovery. The respondents opposed the motion and cross-moved pursuant to CPLR 3211(a) to dismiss the amended [*2]petition/complaint. In an order and judgment dated October 24, 2017, the Supreme Court, inter alia, granted those branches of the respondents' cross motion which were pursuant to CPLR 3211(a) to dismiss the third, sixth, eighth, and ninth causes of action and certain portions of the first, fifth, and seventh causes of action.
The Supreme Court properly granted those branches of the respondents' cross motion which were to dismiss the amended petition/complaint insofar as it purported to allege a violation of the Open Meetings Law. "'In enacting the Open Meetings Law, the Legislature sought to ensure that public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy'" (Matter of Haverstraw Owners Professionals & Entrepreneurs ["H.O.P.E."] v Town of Ramapo Zoning Bd. of Appeals, 151 AD3d 724, 724, quoting Matter of Perez v City Univ. of N.Y., 5 NY3d 522, 528 [internal quotation marks omitted]; see Public Officers Law § 100). "Every meeting" except for executive sessions "of a public body shall be open to the general public" (Public Officers Law § 103[a]). A "Meeting" is "the official convening of a public body for the purpose of conducting public business" (id. § 102[1]), and includes not only "'formal or regular meetings,'" but also "'any gathering or meeting of a quorum of a public body for the purpose of transacting public business'" (Matter of Haverstraw Owners Professionals & Entrepreneurs ["H.O.P.E."] v Town of Ramapo Zoning Bd. of Appeals, 151 AD3d at 724, quoting Matter of Tri-Village Publs. v St. Johnsville Bd of Educ., 110 AD2d 932, 933). "Public body" means an entity "for which a quorum is required in order to conduct public business" (Public Officers Law § 102[2]). Here, with regard to this cause of action, the petitioner alleged that five members met to draft a letter that was later voted on at public meetings with a quorum present. Thus, the drafting of the letter did not violate the Open Meetings Law (see Matter of Haverstraw Owners Professionals & Entrepreneurs ["H.O.P.E."] v Town of Ramapo Zoning Bd. of Appeals, 151 AD3d at 724-725).
Further, the Supreme Court properly granted those branches of the respondents' cross motion which were to dismiss the causes of action challenging the composition of the Board as violative of the New York City Charter. The Charter dictates that each community board "shall consist of . . . not more than fifty persons appointed by the borough president, at least one-half of whom shall be appointed from nominees of the council members elected from council districts which include any part of the community district" (NY City Charter § 2800[a][1]). Here, the evidence in the record conclusively establishes that at least 25 of the Board's 50 members were appointed upon the nomination of council members. Contrary to the petitioner's contentions, the nomination forms and email correspondence upon which she relies do not establish that the Brooklyn Borough President falsely represented any appointment as being supported by the nomination of a council member.
The Supreme Court also properly determined that the petitioners failed to identify any violation of law with respect to the Board's management of committee meetings or membership. The New York City Charter states that committee meetings "shall be open to the public," not that the public must be afforded the right to participate (NY City Charter § 2800[i]; see Public Officers Law § 100). Contrary to the petitioner's contention, the requirement in the City Charter that community boards "set aside time to hear from the public" plainly applies to public monthly meetings of the community board, not committee meetings (NY City Charter § 2800[h]; see id. § 2800 [i]). The petitioner's discussion of the legislative history is inapposite given this unambiguous language (see Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524).
The City Charter empowers community boards at their discretion to "create committees on matters relating to [their] duties and responsibilities," and to "include on such committees persons with a residence or significant interest in the community who are not members of the board" (NY City Charter § 2800[i]). Accordingly, the Board's bylaws provide that each standing committee "shall consist of a committee chairperson [and] such other appointed members as volunteer and are appointed by the Chairperson of the Board." "Non-Board members shall be appointed to a committee by the Board [chair] and/or the committee [chair]." Here, the record reveals no instance in which a member of the Board or a member of the public were appointed to a committee by someone without the authority to do so.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court