Matter of Sticks & Stones Holding, LLC v Zoning Bd. of Appeals of the Town of Milton (2022 NY Slip Op 04343)

Matter of Sticks & Stones Holding, LLC v Zoning Bd. of Appeals of the Town of Milton

2022 NY Slip Op 04343

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

534300
[*1]In the Matter of Sticks and Stones Holding, LLC, Appellant,
v
Zoning Board of Appeals of the Town of Milton, Respondent.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

John W. Sutton, Galway, for appellant.
Tabner, Ryan & Keniry, LLP, Albany (William J. Keniry of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (Crowell, J.), entered May 18, 2021 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for an area variance.
At a July 2020 foreclosure sale, petitioner purchased a 3-acre parcel of real property that contained a "dilapidated double wide mobile home" and multiple human burial sites. Petitioner sought an area variance from the 5-acre minimum lot requirement to allow it to construct a new 2,500-square-foot, single-family home. Throughout the hearing process, respondent requested, among other things, that petitioner provide an inventory of the burial sites, allow the town historian to take photographs of the gravestones and take other measures to protect the burial sites. Input was also received from the Office of Parks, Recreation and Historic Preservation that recommended maintaining a 25-foot buffer around the burial sites, taking precautions during construction of any new development to protect the burial sites and requiring petitioner to execute a restrictive deed covenant for the site to allow for long-term protection. Petitioner agreed to abide by the recommendations made by the Office of Parks, Recreation and Historic Preservation but otherwise failed to comply with any of respondent's requests, including consistently denying access to the site to any of respondent's representatives. After respondent denied the variance request, petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition. Petitioner appeals.
A determination by a zoning board may be set aside "only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure," and will not be disturbed so long as it "has a rational basis and is supported by the record" (Matter of Feinberg-Smith Assoc., Inc. v Town of Vestal Zoning Bd. of Appeals, 167 AD3d 1350, 1351 [2018] [internal quotation marks and citations omitted]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of Braunstein v Board of Zoning Appeals of the Town of Copake, 100 AD3d 1091, 1093 [2012]). When making its determination, a zoning board must consider "the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant," while also considering five statutory factors (Town Law § 267-b [3] [b]; see Matter of Wen Mei Lu v City of Saratoga Springs, 162 AD3d 1291, 1293 [2018]; Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals, 108 AD3d 821, 824 [2013]). In rendering a determination, a zoning board is "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination [*2]balancing the relevant considerations was rational" (Matter of Feinberg-Smith Assoc., Inc. v Town of Vestal Zoning Bd. of Appeals, 167 AD3d at 1352 [internal quotation marks and citation omitted]; see Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d 682, 683 [2021]; Matter of Gasparino v Town of Brighton Zoning Bd. of Appeals, 199 AD3d 1351, 1352-1353 [2021]).
Upon review, we find that respondent's determination is supported by the record and has a rational basis. Respondent concluded that the benefit to petitioner was outweighed by the detriment to the health, safety and welfare of the neighborhood, because the locations of the burial sites had not been reliably determined and therefore it was unclear whether a code-compliant well and septic system could be utilized by the considerably larger residence without adverse effects to the burial sites. Similarly, respondent's conclusion that the risk of damage to the burial sites would create an undesirable change in the character of the neighborhood and would have an adverse effect and impact on both the physical and environmental conditions of the neighborhood was rational. To address these concerns, respondent repeatedly requested that petitioner make an inventory of the gravestones, mark their exact locations in relation to the project site and allow a representative of respondent onto the property to take pictures of the gravestones. Petitioner refused to comply with these requests, limiting respondent's ability to assess the impact the area variance would have on the burial sites. Without this documentation, respondent reasonably concluded that granting the variance would have a detrimental impact (see Braunstein v Board of Zoning Appeals of the Town of Copake, 100 AD3d at 1093; Matter of Mary T. Probst Family Trust v Zoning Bd. of Appeals of Town of Horicon, 79 AD3d 1427, 1428 [2010], lv denied 16 NY3d 708 [2011]; Matter of Russo v City of Albany Zoning Bd., 78 AD3d 1277, 1280 [2010]).
Respondent had sufficient support for its conclusion that the benefit could be achieved by some other method, as petitioner had a right to rebuild the dilapidated structure already present on the property (see Matter of Smelyansky v Zoning Bd. of Appeals of the Town of Bethlehem, 83 AD3d 1267, 1269 [2011]). Further, petitioner's difficulty was self-created since it either knew or should have known when it purchased the property that an area variance would be required and that the burial sites were present (see Matter of Feinberg-Smith Assoc., Inc. v Town of Vestal Zoning Bd. of Appeals, 167 AD3d at 1353; Matter of Cooperstown Eagles, LLC v Village of Cooperstown Zoning Bd. of Appeals, 161 AD3d 1433, 1438 [2018]). Altogether, the record reveals that respondent carefully weighed the statutory factors and balanced the benefit to petitioner against the detriment to the community, and we decline to disturb its determination (see Pecoraro v Board of Appeals of Town of Hempstead[*3], 2 NY3d at 614; Matter of Cooperstown Eagles, LLC v Village of Cooperstown Zoning Bd. of Appeals, 161 AD3d at 1438; compare Matter of Wen Mei Lu v City of Saratoga Springs, 162 AD3d at 1293-1294; Matter of Fund for Lake George, Inc. v Town of Queensbury Zoning Bd. of Appeals, 126 AD3d 1152, 1154 [2015], lv denied 25 NY3d 1039 [2015]).
Finally, to the extent that petitioner argues that the burial sites have been abandoned, we find no indication that either petitioner or its predecessors have ever initiated a proceeding to determine same (see Town Law § 296). We have examined petitioner's remaining contentions and find them to be lacking in merit.
Egan Jr., J.P., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.