Cammarato v 16 Admiral Perry Plaza, LLC (2023 NY Slip Op 02641)

Cammarato v 16 Admiral Perry Plaza, LLC

2023 NY Slip Op 02641

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.

2021-04111
 (Index No. 514454/20)

[*1]Dorothy Cammarato, etc., appellant-respondent,
v
16 Admiral Perry Plaza, LLC, et al., defendants, U.S. Bank National Association, etc., respondent-appellant.

Schiller Law Group, P.C., Catskill, NY (Chaim Howard Berglas of counsel), for appellant-respondent.
Borchert & LaSpina, P.C., Whitestone, NY (Robert W. Frommer and Edward A. Vincent of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals, and the defendant U.S. Bank National Association cross-appeals, from an order of the Supreme Court, Kings County (François A. Rivera, J.), dated May 6, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant U.S. Bank National Association which was for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied those branches of the motion of the defendant U.S. Bank National Association which were for summary judgment on its counterclaim to quiet title and to cancel a notice of pendency filed by the plaintiff against the subject property and, in effect, denied, as academic, that branch of that defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant U.S. Bank National Association which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof, in effect, denying, as academic, that branch of the motion of the defendant U.S. Bank National Association which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it; as so modified, the order is affirmed insofar as cross-appealed from, with costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of that branch of the motion of the defendant U.S. Bank National Association which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
The plaintiff and her brother, the defendant Francis Pachesa, were owners of certain real property as joint tenants. In March 2001, the property was transferred by deed to the defendant 16 Admiral Perry Plaza, LLC, of which the plaintiff, her brother, and others were members. By deed dated July 18, 2012, and recorded on August 14, 2012, the plaintiff's brother alone caused 16 Admiral Perry Plaza, LLC, to transfer the property to the defendant Jaba Realty Holdings, LLC (hereinafter Jaba Realty), for $60,000. Jaba Realty subsequently transferred the property to the [*2]defendant Lucy Pellegrino, Jaba Realty's managing member, for no consideration. In January 2018, Pellegrino borrowed the sum of $805,000 from Velocity Commercial Capital, LLC, secured by a mortgage on the property, and that mortgage was subsequently assigned to the defendant U.S. Bank National Association (hereinafter U.S. Bank).
On August 9, 2020, the plaintiff commenced this action, inter alia, to recover damages for fraud and conspiracy to defraud. The plaintiff alleged in particular that she did not consent to the July 18, 2012 sale, for which the $60,000 sales price was "ridiculously low," such that it evinced an intent to defraud her. The plaintiff alleged that she did not discover the allegedly fraudulent transaction until August 9, 2018. U.S. Bank moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim to quiet title, and to cancel a notice of pendency filed by the plaintiff against the subject property.
In an order dated May 6, 2021, the Supreme Court granted that branch of U.S. Bank's motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the action was time-barred. In light of that determination, the court, in effect, denied, as academic, that branch of U.S. Bank's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action. The court denied, as premature, those branches of U.S. Bank's motion which were for summary judgment on its counterclaim to quiet title and to cancel the notice of pendency, without prejudice to renewal upon the completion of discovery. The plaintiff appeals, and U.S. Bank cross-appeals.
"A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired. The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations" or whether the statute of limitations has been tolled (Osborn v DeChiara, 165 AD3d 1270, 1271 [citations omitted]). The statute of limitations for an action based on fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213[8]).
Here, U.S. Bank demonstrated that the allegedly fraudulent deed was recorded more than six years prior to the commencement of this action, and thus met its initial burden of establishing, prima facie, that the time in which to interpose the cause of action alleging fraud expired prior to the commencement of this action. Nonetheless, contrary to the Supreme Court's determination, there is a triable issue of fact as to whether the plaintiff possessed knowledge of facts from which the fraud could have been discovered with reasonable diligence more than two years prior to the commencement of this action (see Oggioni v Oggioni, 46 AD3d 646, 648-649). Accordingly, that branch of U.S. Bank's motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the action was time-barred should have been denied.
Contrary to U.S. Bank's contention, the Supreme Court properly denied, as premature, those branches of its motion which were for summary judgment on its counterclaim to quiet title and to cancel the notice of pendency.
In light of our determination, that branch of U.S. Bank's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action is no longer academic. Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of that branch of U.S. Bank's motion.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court