Matter of Mercado v Town of Nelson Zoning Bd. of Appeals (2025 NY Slip Op 06108)

Matter of Mercado v Town of Nelson Zoning Bd. of Appeals

2025 NY Slip Op 06108

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CV-24-0929
[*1]In the Matter of Anthony A. Mercado, Appellant,
v
Town of Nelson Zoning Board of Appeals, Respondent.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Law Offices of Dirk J. Oudemool, Syracuse (Dirk J. Oudemool of counsel), for appellant.
Costello, Cooney & Fearon, PLLC, Syracuse (John R. Langey of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Patrick O'Sullivan, J.), entered May 1, 2024 in Madison County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for area variances.
Petitioner owns an approximately 0.14-acre lot with an existing single-story home adjacent to Tuscarora Lake in the Town of Nelson, Madison County, within the Town's waterfront zoning district. The Town of Nelson Land Use and Development Lawrequires a minimum land area of two acres for properties within that district, rendering the property nonconforming. In December 2022, petitioner sought a building permit from the Town allowing him to demolish the existing structure and construct a larger two-story residence. The Town's Code Enforcement Officer informed petitioner that the existing lot and structure were nonconforming and that certain area variances and site plan approval would be required, further recommending that petitioner appear informally before respondent to gauge its reaction to his proposal. This informal discussion occurred in February 2023, during which several concerns were raised by respondent's members, including the chairperson, who generally remarked that, absent "mitigating factors," respondent "is not supposed to allow anyone to increase their noncompliance." Petitioner thereafter submitted a variance application with a modified proposal, decreasing the coverage variance requested and keeping the proposed first floor within the original footprint while expanding the proposed second floor such that it would overhang that footprint. At a public hearing in September 2023, the chairperson again remarked that respondent was not supposed to increase lot coverage within the subject district. Ultimately, respondent denied petitioner's application in a split decision, in which the majority generally concluded that the variances would produce an undesirable change to the character of the neighborhood.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul respondent's determination, arguing that the denial was driven by the chairperson's allegedly erroneous understanding of respondent's authority to grant variances, among other things. Respondent answered. Supreme Court dismissed the petition following oral argument finding the denial to have been rational. Petitioner appeals.
Upon review, we reject petitioner's argument that the chairperson's statements throughout the course of the variance process demonstrated that the chairperson, and, in turn, respondent generally, misunderstood respondent's authority under the Town's zoning law to grant variances. Read fairly, the challenged statements did not assert that respondent is legally prohibited from issuing variances but, rather, reflected the concept that, although "nonconforming uses of property are tolerated, the overriding policy of zoning is aimed at their eventual elimination[*2]" (Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville, 98 NY2d 683, 685 [2002]). Notably, the chairperson expressly recognized that respondent granted such variances under appropriate circumstances.
Most importantly, as Supreme Court held, the record reveals that respondent engaged in the statutorily prescribed balancing for granting variances, including " 'the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant' " (Matter of Fund for Lake George, Inc. v Town of Queensbury Zoning Bd. of Appeals, 126 AD3d 1152, 1154 [3d Dept 2015], lv denied 25 NY3d 1039 [2015], quoting Town Law § 267-b [3] [b]; see Matter of Sticks & Stones Holding, LLC v Zoning Bd. of Appeals of the Town of Milton, 207 AD3d 855, 856 [3d Dept 2022]). Respondent outlined specific, rational reasons — none of which included any consideration of the chairperson's statements — for finding that petitioner's request would create an undesirable change in the character of the neighborhood, further noting that the expansion petitioner sought could be accommodated through redesign of the project. It also found that petitioner's difficulty was self-created. Considering this, respondent concluded that the benefit of granting petitioner's request did not outweigh the detriment to the community, and would instead create a precedent that could continue to erode the character of the street and neighborhood. The foregoing represents a rational decision-making process, not otherwise challenged by petitioner,[FN1] and we accordingly affirm (see Matter of Cooperstown Eagles, LLC v Village of Cooperstown Zoning Bd. of Appeals, 161 AD3d 1433, 1438 [3d Dept 2018]; Matter of Tri-Serendipity, LLC v City of Kingston, 145 AD3d 1264, 1267 [3d Dept 2016]).
Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: A challenge to the zoning code was raised for the first time at oral argument and is thus not properly before us (see Ruberti v Butler, 227 AD3d 1169, 1171 n 2 [3d Dept 2024]).