McRory v Incorporated Vil. of Muttontown
2026 NY Slip Op 03671
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Russell McRory, et al., appellants,
v
Incorporated Village of Muttontown, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2023-01448, (Index No. 604900/22)
Lara J. Genovesi, J.P.
William G. Ford
Lourdes M. Ventura
Susan Quirk, JJ.

Russell P. McRory, named herein as Russell McRory, Muttontown, NY, appellant pro se and for appellant Joanne McRory.
Harris Beach Murtha, Uniondale, NY (Keith M. Corbett of counsel), for respondents Incorporated Village of Muttontown and the Mayor and Trustees of the Incorporated Village of Muttontown.
Faegre Drinker Biddle & Reath LLP, New York, NY (Andrew B. Joseph, Kenneth J. Wilbur, and W. Joshua Lattimore of counsel), for respondent New Cingular Wireless PCS, LLC.

[*1]
DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendants Incorporated Village of Muttontown and the Mayor and Trustees of the Incorporated Village of Muttontown violated the Open Meetings Law (Public Officers Law art 7), the plaintiffs appeal from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), entered January 10, 2023. The order granted the separate motions of the defendants Incorporated Village of Muttontown and the Mayor and Trustees of the Incorporated Village of Muttontown and the defendant New Cingular Wireless PCS, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiff's cross-motion for leave to amend the complaint.
ORDERED that the order is affirmed, with one bill of costs payable to the defendants Incorporated Village of Muttontown and the Mayor and Trustees of the Incorporated Village of Muttontown and the defendant New Cingular Wireless PCS, LLC, appearing separately and filing separate briefs.
The plaintiffs, Russell McRory and Joanne McRory, are residents of the Village of Muttontown. In February 2020, the Village's Board of Trustees (hereinafter the Board) adopted Resolution 20-27 authorizing the Village's mayor to negotiate a lease with the defendant New Cingular Wireless PCS, LLC (hereinafter New Cingular), to permit the installation of a wireless facility on Village-owned land. In July 2020, the Board subsequently adopted Resolution 20-79, which authorized the Village's mayor to enter into a lease agreement with New Cingular. In December 2020, the Board adopted Resolution 20-142, which authorized the execution of the final lease agreement. The three resolutions were adopted at public meetings, and the meeting minutes were later approved and published. Subsequently, the lease was executed in December 2020.
In April 2022, the plaintiffs commenced this action, inter alia, for a judgment [*2]declaring that the Incorporated Village of Muttontown and the Mayor and Trustees of the Incorporated Village of Muttontown violated the Open Meetings Law (Public Officers Law article 7) and that the lease is void based on alleged violations of the Open Meetings Law. Specifically, the plaintiffs maintain that the Board held secret Tuesday evening meetings, during which competing proposals were discussed and that the lease was effectively approved during these meetings prior to the December 2020 public vote. The Incorporated Village of Muttontown and the Mayor and Trustees of the Incorporated Village of Muttontown and New Cingular filed separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. The defendants maintain that the cause of action based on violations of the Open Meetings Law was time-barred. While the defendants acknowledged that representatives of the Village and New Cingular met privately in February 2020, the defendants maintain that this was not in violation of the Open Meetings Law, as no quorum of the Board was present at such meetings and the Board took no official action during any nonpublic meeting. The plaintiffs opposed the separate motions and cross-moved for leave to amend the complaint.
In an order entered January 6, 2023, the Supreme Court granted the defendants' separate motions, concluding, among other things, that the cause of action alleging violations of the Open Meetings Law was time-barred, and denied the plaintiffs' cross-motion. The plaintiffs appeal.
"In enacting the Open Meetings Law, the Legislature sought to ensure that public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy" (Matter of Boyd v Brooklyn Community Bd. 9, 193 AD3d 1043, 1044 [internal quotation marks omitted], quoting Matter of Haverstraw Owners Professionals & Entrepreneurs ["H.O.P.E."] v Town of Ramapo Zoning Bd. of Appeals, 151 AD3d 724, 724; see Public Officers Law § 100; Matter of Perez v City Univ. of N.Y., 5 NY3d 522, 528). A "[m]eeting" is defined as "the official convening of a public body for the purpose of conducting public business" (Public Officers Law § 102[1]). "'Public body' means any entity, for which a quorum is required to conduct public business" (id. § 102[2]). An "[e]xecutive session" is "that portion of a meeting not open to the general public" (id. § 102[3]). "'The statute does not apply only to formal or regular meetings, but to any gathering or meeting of a quorum of a public body for the purpose of transacting public business'" (Matter of Gedney Assn. v City of White Plains, 147 AD3d 938, 939, quoting Matter of Tri-Village Publs. v St. Johnsville Bd. of Educ., 110 AD2d 932, 933; see Public Officers Law § 102[2]; Matter of Boyd v Brooklyn Community Bd. 9, 193 AD3d 1043). Pursuant to the Open Meetings Law, an aggrieved person has standing to commence a proceeding pursuant to CPLR article 78 or an action for declaratory judgment and injunctive relief (see Public Officers Law § 107[1]).
Generally, a proceeding against a body or officer pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding (see CPLR 217[1]). However, under the Open Meetings Law, "[t]he statute of limitations in an article seventy-eight proceeding with respect to an action taken at executive session shall commence to run from the date the minutes of such executive session have been made available to the public" (Public Officers Law § 107[3]).
"A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 904 [internal quotation marks omitted]). "The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations or whether the statute of limitations has been tolled" (DeBlasi v DeBlasi, 238 AD3d 711, 711 [internal quotation marks omitted]; see Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d at 904).
Here, the defendants established, prima facie, that the cause of action alleging violations of the Open Meetings Law was untimely. As an initial matter, although the plaintiffs brought their legal challenge as an action seeking declaratory and injunctive relief, the substance of [*3]the action is a challenge to the actions of a municipal body, alleging failure to comply with the procedural requirements of the Open Meetings Law. As this legal challenge could have been brought pursuant to CPLR article 78, the four-month statute of limitations applies (see CPLR 217[1]; Solnick v Whalen, 49 NY2d 224, 229-230; Hoehmann v Town of Clarkstown, 216 AD3d 865, 868).
The defendants met their initial burden and demonstrated that the action was not commenced within the four-month limitations period under CPLR 217(1). The defendants provided, inter alia, a copy of the executed lease, the Board's meeting minutes of December 9, 2020, authorizing the execution of the lease, and an affidavit of Joseph Russo, which demonstrated that the municipal determination at issue became final and binding no later than December 2020 and that no meetings attended by a quorum of the Board occurred prior to this date. Therefore, this action was not timely commenced.
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs failed to provide evidence sufficient to raise a triable issue of fact or to support their contention that the alleged secret meetings constitute executive sessions and, as a result, the four-month limitations period has not yet begun to run (see Public Officers Law § 107[3]). Although the plaintiffs submitted documents purportedly received from a former Board member and an affidavit from one of the plaintiffs himself, they primarily rely on hearsay allegations suggesting that such unauthorized meetings took place. The plaintiffs rely on mere conjecture that any such meeting was attended by a quorum of the Board. Further, the plaintiffs failed to identify any specific executive session at which any official actions were taken or during which the lease was actually approved. The plaintiffs failed to establish that minutes of such executive session were created but not made available to the public (see generally Matter of Boyd v Brooklyn Community Bd. 9, 193 AD3d at 1043; Matter of Haverstraw Owners Professionals & Entrepreneurs ["H.O.P.E."] v Town of Ramapo Zoning Bd. of Appeals, 151 AD3d at 724). Accordingly, the Supreme Court properly determined that the cause of action alleging violations of the Open Meetings Law is time-barred under CPLR 217(1).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court